### In re ROSE TRUCK BROKERS, INC., Debtor.

### Bankruptcy No. 88–730–BKC–3P7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 18, 1990.

Charles W. Grant, Jacksonville, Fla., Trustee.

Lynne L. England, Tampa, Fla., Assistant U.S. Trustee, for all creditors.

ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM NUMBER 64 OF THE UNITED STATES TRUSTEE

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Chapter 7 trustee's objection to claim number 64 of the United States Trustee. The trustee objected to the claim suggesting that it is estimated and unliquidated and, cannot be allowed under 11 U.S.C. § 502(c).

The Court, sua sponte, raised the issue of whether the United States Trustee was entitled to the payment of quarterly fees in a case that had been converted from Chapter 11 to Chapter 7 before a plan of reorganization could be confirmed.

■ Confirmation of a plan is mandated by 11 U.S.C. § 1129(A) when all subsections have been proven. This includes payment of all required fees to the United States Trustee. In this case, no plan was ever confirmed. This is now a case pending in Chapter 7. 11 U.S.C. § 726(a)(1) provides that estate funds shall be distributed first in payment of claims as specified in 11 U.S.C. § 507. That section states that the priority is to administrative expenses allowed under 11 U.S.C. § 503(b) and any fee and charges assessed against the estate under Chapter 123 of Title 28. Assessment of the fees in question is a judicial act which takes place at the time of the confirmation of the plan. Absent the assessment by the Court in a confirmation order, the fees are not allowable against the assets held by the Chapter 7 trustee.

The bankruptcy court is a court of equity. *Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); *In re Ranch House of Orange–Brevard, Inc.*, 773 F.2d 1166 (11th Cir.1985). The cornerstone of bankruptcy has always been the doing of equity. *In re Waldron*, 785 F.2d 936, 941 (11th Cir.), *cert. dismissed*, 478 U.S. 1028, 106 S.Ct. 3343, 92 L.Ed.2d 763 (1986); *In re Littleton*, 888 F.2d 90, 94 (11th Cir.1989) (quoting *Waldron, supra.*).

■ The Court finds that to allow the claim of the United States Trustee to take priority over the claims of creditors of the Chapter 7 estate would be inequitable. The creditors should not be penalized for the debtor's failed attempt at reorganization.

The fees of the United States Trustee are not entitled to priority status. The Court does not find it necessary to decide the issue of the liquidation of the claim.