## In re ROSE TRUCK BROKERS, INC.

**Robert L. COLEY, United States Trustee, Appellant,**

v.

**ROSE TRUCK BROKERS, INC. and Charles Grant as Trustee, Appellees.**

No. 91–26–Civ–J–10.

United States District Court,
M.D. Florida,
Jacksonville Division.

Dec. 15, 1992.

Lynne L. England, U.S. Trustee's Office, Tampa, FL, and Charles W. Broun and Tom L. Burroughs, U.S. Trustee's Office, Orlando, FL, for Robert L. Coley, appellant.

Charles W. Grant, Sr. and Ronald Leigh Bergwerk, Bergwerk & Payne, Jacksonville, FL, for Charles Grant, appellee.

## *OPINION*

HODGES, District Judge.

Before the Court is an appeal of the Bankruptcy Court's Order (Doc. 1; Bankr.Doc. 221) sustaining the Chapter 7 Trustee's (Trustee) objections to the United States Trustee's (the Government) claim for statutory fees. 122 B.R. 465.

The Debtor, Rose Truck Brokers, Inc., filed a bankruptcy petition pursuant to Chapter 11 on 7 April 1988. On 8 September 1989, before a Chapter 11 plan was confirmed, the Debtor converted the case to a Chapter 7 case. In the meantime, however, the Debtor was obligated to pay the Government quarterly fees pursuant to 28 U.S.C. § 1930(a)(6), which during the period in question provided that:

(a) ... the parties commencing a case under title 11 shall pay to the clerk ... the following filing fees:

(6) In addition to the filing fee paid to the clerk a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. The fee shall be $150 for each quarter in which disbursements total less than $15,000; $300 for each quarter in which disbursements total $15,000 or more but less than $150,000; $750 for each quarter in which disbursements total $150,000 or more but less than $300,000; $2,250 for each quarter in which disbursements total $300,000 or more but less than $300,000 ... The fee shall be payable on the last day of the calendar

month following the calendar quarter for which the fee is owed.[1]

■ Based on monthly disbursing statements filed with the Bankruptcy Court, the Government calculates that it is owed $7,650 in fees. After the Debtor converted the case into a Chapter 7 case, the Government filed a proof of claim for the $7,650. The Trustee objected and the Bankruptcy Court disallowed the claim, ruling that the Government was not entitled to the Section 1930(a)(6) fees where the case was converted to a Chapter 7 case prior to confirmation. The Bankruptcy Court reasoned that:

> Assessment of the fees in question is a judicial act which takes place at the time of confirmation of the plan. Absent the assessment by the Court in a confirmation order, the fees are not allowable against the assets held by the Chapter 7 trustee.

This ruling is in conflict with the clear command of Congress that "the fee[s] *shall* be paid to the United States trustee" and that they "*shall* be payable on the last day of the calendar month following the calendar quarter for which the fee[s] [are] owed." 28 U.S.C. § 1930(a)(6) (emphasis added). The fees are due regardless of whether the Chapter 11 plan is ever confirmed. In fact, the statute explicitly provides that the fees are payable even when, as in this case, "the case is converted". Accordingly, this ruling must be reversed.

■ After disallowing the claim, the Bankruptcy Court also ruled that the claim would not take priority as required by 11 U.S.C. § 507, which provides that "administrative expenses ..., and any fees and charges assessed against the estate under chapter 123 of title 28" have first priority in the distribution of the property of the estate.[2] The court reasoned that the "bankruptcy court is a court of equity" and

> that to allow the claim of the United States to take priority over the claims of creditors of the Chapter 7 estate would be inequitable. The creditors should not be penalized

for the debtor's failed attempt at reorganization.

Although the Bankruptcy Court's reasoning arguably makes for good policy, it is not the policy enacted by Congress. *See In re Juhl Enterprises, Inc.*, 921 F.2d 800 (8th Cir.1990). Section 507 makes the fees a first priority and leaves no room for equitable flexibility. This ruling must also be reversed.

■ The Trustee argues that the Debtor, not its estate, is responsible for the fees. Section 1930 calls for "the parties commencing a case under title 11" to pay the clerk of court certain listed filing fees depending on the type of bankruptcy case commenced. The final item in the list provides that "[i]n addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee ..."

The whole of Section 1930 concerns filing fees, with the exception of § 1930(a)(6). It makes sense to require the parties who start a bankruptcy case, who may or may not be the debtor, to pay the filing fee at the commencement of the case. It is not logical for them to pay the quarterly fees that accrue thereafter, and the structure of Section 1930 does not require such a result. Section 1930(a)(6) comes at the end of a list of filing fees payable to the clerk of court. It states that the quarterly fees shall be paid, but does not state by whom. The estate is the only logical entity having that obligation.

The Trustee also argues that the fees are, or were, unliquidated at the time the Bankruptcy Court ruled on the Trustee's motion for disallowance. However, as the transcript of the hearing on the motion shows, the Bankruptcy Court did not rule on the liquidation issue. Therefore, the issue should be decided on remand.

Upon due consideration, the Bankruptcy Court's Order (Doc. 1; Bankr.Doc. 221) sustaining the Chapter 7 Trustee's objections to the United States Trustee's claim for statutory fees is REVERSED and the case is RE-

---

**1.** The fees of 28 U.S.C. § 1930(a)(6) were increased, effective 27 December 1991, by Pub.L. 102–140, 111(a).

**2.** 28 U.S.C. § 1930 is a section of chapter 123 of title 28. 11 U.S.C. § 726 provides that "property of the estate shall be distributed" pursuant to the priorities established by 11 U.S.C. § 507.

MANDED for further proceedings in accordance with this opinion.

IT IS SO ORDERED.