**In re SEACOAST CARPET & TILE OF NAPLES, INC., Debtor.**

**Bankruptcy No. 91–10726–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 23, 1993.

Diane L. Jensen, Fort Myers, FL, trustee.

Garner, Haverfield, Dalton, Harrison & Jensen, Fort Myers, FL, for trustee-Pavese.

Sara Kistler, Tampa, FL, Asst. U.S. Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF THE UNITED STATES TRUSTEE

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon an Objection to the Claim of the United States Trustee filed by Diane Jensen, the Chapter 7 Trustee (Trustee) of the above captioned case. The Court has considered the Objection, together with the record and argument of counsel, and finds as follows:

On January 30, 1992, Seacoast Carpet & Tile of Naples, Inc. (Debtor) filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. During the pendency of the Chapter 11, the Debtor failed to pay the quarterly fees due to the Office of the United States Trustee (Government) for the fourth quarter of 1991 and the first quarter of 1992. On February 6, 1992, the Debtor's Chapter 11 case was converted to a Chapter 7 case and Diane Jensen was appointed Trustee. On March 4, 1992, the Government filed a priority Proof of Claim for the unpaid quarterly fees accrued by the Debtor for the fourth quarter of 1991 and the first quarter of 1992. The Trustee filed an objection to the Government's claim, contending that accrued but unpaid Chapter 11 quarterly fees are not entitled to priority status provided by § 507(a) of the Bankruptcy Code but instead the claim is a Chapter 11 administrative expense to be subordinated to Chapter 7 expenses pursuant to § 726(b) of the Bankruptcy Code. § 507(a) of the Bankruptcy Code provides, in pertinent part, as follows:

§ 507. Priorities

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under Chapter 123 of title 28.

Quarterly fees due to the Government are imposed by 28 U.S.C. § 1930, which is a part of Chapter 123 of Title 28. Even a cursory reading of the statute makes it clear that the fees of the Government are afforded priority status, whether or not a case filed as a Chapter 11 is later converted to Chapter 7. Therefore, this Court is satisfied that § 507 does not support the argument of the Trustee.

In addition, the Trustee relies upon the decision of the Honorable George Proctor of this District in the case of *In re Rose Truck Brokers, Inc.*, 122 B.R. 465 (Bankr. M.D.Fla.1990), in which Judge Proctor concluded that it would be inequitable to allow the Government to take priority over claims of creditors in the Chapter 7 case as this would result in penalizing the creditors for the debtor's failed attempt at reorganization, thereby sustaining the objection of the Chapter 7 trustee to the claim. On December 15, 1992, the United States District Court reversed Judge Proctor's decision, remanding the case to the Bankruptcy Court for further proceedings. Inasmuch as the case relied upon by the Trustee is no longer valid authority, this Court is satis-

**964**

fied that the Objection is not well taken and should be overruled.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to the Claim of the United States Trustee filed by the Chapter 7 Trustee is hereby overruled. The claim of the United States Trustee is hereby allowed as filed.

DONE AND ORDERED.