**In re DARMSTADT CORPORATION, Debtor.**

**Thomas E. ROSS, United States Trustee, Appellant,**

v.

**Lynn Thomas KANAGA, Appellee.**

No. 93–523–RRM.

Bankruptcy No. 89–87.

United States District Court, D. Delaware.

Feb. 17, 1994.

Richard G. Andrews, U.S. Atty., and Ellen W. Slights, Asst. U.S. Atty., Wilmington, DE, Thomas E. Ross, U.S. Trustee, and Frederic J. Baker, Sr. Asst. U.S. Trustee, and John D. McLaughlin, Jr., Staff Atty., Philadelphia, PA, for appellant.

Lynn Thomas Kanaga, Wilmington, DE, for appellee.

## OPINION

McKELVIE, District Judge.

This is the Court's decision on the United States Trustee's appeal from a Bankruptcy Court Order approving a final distribution of the assets of an estate pursuant to Chapter 7 of the Bankruptcy Code. The debtor had originally filed the case under Chapter 11, which provides for the reorganization of an ongoing business. During the course of those proceedings the debtor incurred an obligation to pay quarterly fees to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6). As the debtor's efforts to reorganize the business under Chapter 11 were not successful, it moved to convert the case to Chapter 7, where the assets of the business would be liquidated. The case was converted to Chapter 7 and in the final order of distribution, the Bankruptcy Court subordinated the United States Trustee's Chapter 11 fees to the Chapter 7 administrative expenses. This meant that the Chapter 7 administrative fees were paid in full, but because there were insufficient funds from the proceeds of the sale of the assets of the business, the United States Trustee was paid only a portion of the amount due for its fees. The Trustee has appealed from that decision.

## FACTUAL BACKGROUND

Darmstadt Corporation had operated a pizza restaurant on College Avenue in Newark, Delaware. On February 15, 1989, the corporation filed with this court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* Congress has set out in 28 U.S.C. § 1930 the bankruptcy fees to be paid by a party on commencing a case under Title 11. In addition to a filing fee to be paid to the clerk of the court, that statute provides in each case under Chapter 11, the party must also pay a quarterly fee to the United States Trustee to be deposited in the Treasury. The fee is set on a sliding scale based on the amount disbursed from the estate each quarter. *See* 28 U.S.C. § 1930(a)(6). The United States Trustee is an official of the U.S. Department of Justice statutorily obligated to supervise the administration of bankruptcy cases. *See* 28 U.S.C. § 586(a)(3).

On November 6, 1989, the corporation petitioned to convert the case to Chapter 7 and on November 20, 1989, the Bankruptcy Court entered an order noting that the case had been converted to Chapter 7, and noting that the United States Trustee had appointed Lynn T. Kanaga, Esquire trustee for the purpose of liquidating the assets of the estate. A copy of that Order is at Bankruptcy Court Docket Item ("B.D.I.") 16.

Kanaga proceeded to terminate the corporation's lease for the property on College Avenue and sell its assets and inventory. B.D.I. 25. In October of 1992, he filed both a Final Report and Account of the Administration of the Estate and his Proposed Distribution of Property of the Estate. B.D.I. 41. In his Proposed Distribution of Property of the Estate, Kanaga reported that the Estate's net proceeds were $12,042.90, that there were $5,557.90 in Chapter 7 Administrative expenses, including his fees and Bankruptcy Court costs, and that there were $68,366.92 in Chapter 11 Administrative expenses, including $300 due the United States Trustee and $65,614.92 due the I.R.S. In this Proposed Distribution, Kanaga planned to pay all of the Chapter 7 expenses and $6,485.00 towards the Chapter 11 expenses (or about 9½ cents on the dollar for the Chapter 11 expenses).

The United States Trustee objected to the Final Report and Kanaga's decision not to pay the Trustee's fees on the same basis as the Chapter 7 administrative expenses. B.D.I. 40. Kanaga presented the Final Report to the Bankruptcy Court at a hearing on July 19, 1993. Kathleen Sandone, Esquire represented the United States Trustee at that hearing. It appears from the transcript of the hearing that Kanaga handed the Court an amended Distribution Summary Sheet which provided that the United States Trustee's fees would be paid on the same basis as the Chapter 7 administrative expenses. *See* Docket Item ("D.I.") 1 at 3. The transcript of the hearing reads, in part, as follows:

Kanaga: We had quickly moved the assets out of the premises and vacated the lease and had them moved and had an auction sale and all of the money of the estate was a direct result of—let me take that back. The bulk of the money of the estate I believe was from the auction itself of pizza equipment. I'm trying to check to see if—now, I do have amended distribution summary sheets. I'm checking to see whether the U.S. Trustee was on this one.

Court: No.

Kanaga: This was necessitated by a change in the amount that the Bankruptcy Court clerk's office was requesting for their fees from what we had received when we prepared the filing, final report for filing. That's reflected in the amount that's listed as Chapter 7 administrative expenses and they are now listed at $64.50.

Now, in this case, again, the Chapter 7 administrative expenses, which include the Bankruptcy Court, my compensation under the statutory amounts as trustee in the amount of $623.35, which includes expenses along with the trustee fees and my attorney fees for handling the estate—

Court: Let me stop you right now. On this that you had just handed to me you have United States Trustee for $300. That was not on the one as filed. That's the same one, the quarterly fee problem.

Sandone: Same issue.

Kanaga: Then I would propose to submit a new distribution schedule just to reflect the change with the clerk's office.

Court: Let me see you at side bar.
(Discussion held off the record.)

Court: Now I'll hand you back this distribution schedule because it's the same ruling as the one before.

Kanaga: What I'll do then is prorate the Chapter 11 administrative expenses and put the United States Trustee down that we prorated accordingly with the City of Newark, Milano Foods and IRS from their Chapter 11 administrative expenses.

Court: That's right.

B.D.I. 59 at 2–4.

From the transcript of the July 19th hearing it appears the Court did not accept the amended Distribution Summary Sheet but

instead approved the trustee's original proposed distribution, listing the United States Trustee's fees as Chapter 11 administrative expenses. The Court Clerk's Proceeding Memo for the July 19th hearing shows that the Court overruled the United States Trustee's objection and continued the matter for 60 days. *See* B.D.I. 43. It appears that the Court's decision was based on its reading of 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 726(b). Section 507(a)(1) reads:

### § 507 Priorities

(a) The following expenses and claims have priority in the following order:

1) First, administrative expenses allowed under section 503(b) of this title [11 USCS 503(b) ], and any fees and charges assessed against the estate under chapter 123 of title 28 [28 USCS §§ 1911 et seq.].

Section 726(b) provides that in cases where the matter is converted from a Chapter 11 to a Chapter 7, certain Chapter 7 administrative expenses shall have priority over and be paid before certain Chapter 11 administrative expenses. That statute provides in pertinent part:

### § 726 Distribution of property of the estate

(a) [P]roperty of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title:

. . . .

(b) Payment on claims of a kind specified in paragraph (1) ... of section 507(a) of this title, ... shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter [from Chapter 11], a claim allowed under section 503(b) of this title incurred under [Chapter 7] after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion. . . .

Thus, it appears the Bankruptcy Court Judge found that the Trustee's fees were an allowable administrative expense under § 503(b) in the Chapter 11 proceeding and that under § 726(b) Chapter 7 administrative expenses would have a priority over them in the distribution of the property of the estate.

Title 11, section 503 reads:

### § 503. Allowance of administrative expenses

(a) An entity may file a request for payment of an administrative expense.

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title [11 USCS § 502(f) ] including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

(B) any tax—

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(6) of this title; or

(ii) attributable to an excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable year to which such adjustment relates ended before or after the commencement of the case; and

(C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph;

(2) compensation and reimbursement awarded under section 330(a) of this title [11 USCS § 330(a) ];

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(A) a creditor that files a petition under section 303 of this title [11 USCS § 303];

(B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;

(C) a creditor in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor;

(D) a creditor, an indenture trustee, an equity security holder, or a committee

representing creditors or equity security holders other than a committee appointed under section 1102 of this title [11 USCS § 1102], in making a substantial contribution in a case under chapter 9 or 11 of this title [11 USCS §§ 901 et seq., 1101 et seq.]; or

(E) a custodian superseded under section 543 of this title [11 USCS § 543], and compensation for the services of such custodian;

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title [11 USCS §§ 101 et seq.], and reimbursement for actual, necessary expenses incurred by such attorney or accountant;

(5) reasonable compensation for services rendered by an indenture trustee in making a substantial contribution in a case under chapter 9 or 11 of this title [11 USCS §§ 901 et seq., 1101 et seq.], based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title [11 USCS §§ 101 et seq.]; [and]

(6) the fees and mileage payable under chapter 119 of title 28 [28 USCS §§ 1821 et seq.] [; and] [.]

On July 23, 1993, the United States Trustee moved for reconsideration of the Bankruptcy Court's decision and in a supporting memorandum argued that § 507(a)(1) should be read as expressing Congress' intent to treat Trustee's fees as different from administrative expenses under § 503(b). The Trustee argued that in § 507(a)(1) Congress had provided that administrative expenses would have a priority and that fees and charges under Title 28 would have a priority, and in identifying them separately Congress had indicated that it viewed them as different types of expenses.

The Court heard and denied the Trustee's motion for reconsideration on September 20th. *See* B.D.I. 50 and 51. During that argument, Sandone reviewed the United States Trustee's position that the Trustee's fees are given a priority in Chapter 11 cases under § 507(a)(1) and that the priority is not taken away under § 726(a)(1) when the case is converted to Chapter 7. In responding to the motion, Kanaga discussed the opinion in *In re Sun Runner Marine, Inc. v. Transamerica Commercial Finance Corporation*, 134 B.R. 4 (9th Cir. BAP 1991). He noted that the decision was not on point, but suggested that the court in that case had identified good reasons why the Court should reject the United States Trustee's position.

In *Sun Runner*, the court found that a priority claim granted to a creditor, as adequate protection for the debtor's use of collateral in a Chapter 11 proceeding, was an administrative claim expense under § 503(b). The court further held that upon conversion of the case to Chapter 7, § 726(b) provides that Chapter 7 administrative expenses have priority over the creditor's administrative claim expense. In support of this conclusion, the court wrote:

Our task, therefore, is to ascertain legislative intent by giving effect to the language of the statute while preserving its sense and purpose.... This task involves the balancing of two competing principles. As Citibank points out, the concept of adequate protection is intended to protect a secured creditor's interest in collateral and section 507(b) provides a fail safe or backstop protection for those rights when adequate protection fails.... On the other hand, section 726(b) ensures that a liquidation will be carried out consistent with the expressed will of Congress by assuring payment of those who wind up the affairs of the debtor's estate. This encourages capable trustees and professionals to take part in the liquidation and maximizes the benefit for those with claims against the estate....

Upon considering these policies, we determine that the administrative expenses of a Chapter 7 must have priority over an administrative expense claim arising from the failure of adequate protection in a superseded Chapter 11. Assuring compen-

sation to those liquidating the estate, as a practical matter, allows such persons to pursue assets of the estate and increases the overall return to all creditors, with those holding section 507(b) claims being among the first to benefit. In this regard, the purposes of the code are better served by affording priority to the Chapter 7 costs of administration.

134 B.R. at 7 (citations omitted).

At the conclusion of the September 20th hearing in this case, the Bankruptcy Court rejected the Trustee's argument on how §§ 507 and 726 should be read and said:

If Congress had intended what you are arguing, it would have said so.

This was a motion for reconsideration, and all I needed to say was I deny or I grant. You've gone ahead and addressed the situation. I'm not changing my former ruling, and, in fact, I will add to it. That the quote Mr. Kanaga made does correctly state the policy of the Code. It's inconceivable that the U.S. Trustee's fees should enjoy any greater priority than the court's statutory fees. The fees that are due to the United States Trustee are quarterly fees that are due on a regular basis. And if they're not paid, the U.S. Trustee in a Chapter 11 has the ability to bring that matter to the Court's attention and take appropriate action.

It would be a disaster in attempting to settle Chapter 7 cases if the U.S. Trustee sat on its hands, did not take action and had an exorbitant amount due it for so-called quarterly fees, and then the U.S. Trustee turned around and sought somebody to administer a Chapter 7 case knowing that there would be no funds from which to pay that trustee, no funds for distribution to any of the creditors. It would not only be disingenuous on the part of the U.S. Trustee, it seems to me that it would be unconscionable. My ruling stands together with what I have said. The motion is denied.

*See* the transcript of the hearing at B.D.I. 59, pp. 2–4.

On September 20, 1993, the Bankruptcy Court Judge entered an order implementing this decision. B.D.I. 52. On September 27, 1993, the Trustee filed a notice of appeal to this Court. B.D.I. 54.

*DISCUSSION*

■ This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. §§ 158 and 1334. As the issue raised in this appeal is a question of statutory construction, a question of law, the Bankruptcy Court's decision is subject to plenary review. *Matter of Nelson Co.*, 959 F.2d 1260 (3d Cir.1992).

■ In determining the meaning of a statute a court must begin with "the language of the statute itself." *United States v. Ron Pair Enters.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The Supreme Court has stated that "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Id.* at 242, 109 S.Ct. at 1031 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)).

■ No words in §§ 507(a)(1) or § 726(b) say that the Trustee's quarterly fees are § 503(b) administrative expenses. On the contrary, the wording of 11 U.S.C. § 507(a)(1) suggest that they are not, as section (a)(1) speaks to two categories of expenses and fees: "[1] administrative expenses allowed under section 503(b) of this title, [2] any fees and charges assessed against the estate under [28 U.S.C. § 1911 et seq.]." *See* 11 U.S.C. § 507(a)(1). The comma between the two phrases in the statute indicates that the draftsman of the language of the statute intended to identify two independent claims. *See, e.g., United States v. Ron Pair Enters.*, 489 U.S. 235 at 241, 109 S.Ct. 1026 at 1030 (a comma between two phrases combined with the conjunction "and" indicates that the two phrases are independent and the items in the phrases are different). Those courts that have looked to this issue as presenting a question of statutory interpretation have found that § 507(a)(1) should be read as providing for two distinct categories of expenses and fees. *See In re Juhl Enters., Inc.*, 921 F.2d 800 (8th Cir. 1990); *In re Seacoast Carpet & Tile, Inc.*,

151 B.R. 962 (1993); *In re K & M Printing & Lithographing, Inc.*, 135 B.R. 404 (1992); *In re AM–PM Photo Camera Fashions, Inc.*, 116 B.R. 222 (1990).

There are a few reported opinions of courts that disagree with this reading of the statute. The courts in those cases adopt an analysis similar to that followed by the court in *Sun Runner*, finding that for policy reasons the purposes of the Code would be better served by affording priority to the Chapter 7 costs of administration. *See In re Wetmore*, 117 B.R. 201, 202 (1990); *In re Rose Truck Brokers, Inc.*, 122 B.R. 465 (1990), *rev'd, Coley v. Rose Truck Brothers, Inc.*, C.A. No. 91–26–Civ–J–10 (1992). Those policy based decisions are in the minority and appear to reach conclusions inconsistent with the language of the statute passed by Congress.

As the plain language of the statutes in question mandate that the Trustee's fees under 28 U.S.C. § 1930 have the same priority as Chapter 7 administrative expenses in a case that has been converted from Chapter 11 to Chapter 7, the Bankruptcy Court's decision must be reversed.

The Court will issue an Order in accordance with this Opinion.