**In re Donald MacNEIL; In re Sharlee MacNeil, Debtors.**

**AMERICAN STATE BANK; CIT Financial Services, Inc., Appellants,**

**v.**

**Thomas G. MARKS, Appellee.**

**No. 89–35620.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 1990.

Decided July 3, 1990.

John M. Berman, Beaverton, Or., for appellant American State Bank.

Lee M. Hess, Becker, Hunt & Hess, Portland, Or., for appellant CIT Financial Services, Inc.

James Call and James W. Waggoner, Waggoner, Farleigh, Wada, Bogrand & Georgeff, Portland, Or., for appellee, Thomas G. Marks, Trustee.

---

Before WALLACE, SKOPIL and BRUNETTI, Circuit Judges.

PER CURIAM:

On August 11, 1989 the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") affirmed a decision of the United States Bankruptcy Court for the District of Oregon ("Bankruptcy Court") holding that under 11 U.S.C. § 726(b), Chapter 7 administrative expenses are entitled to priority over Chapter 11 claims granted superpriority status under 11 U.S.C. § 507(b). *American State Bank v. Marks (In re MacNeil)*, 102 B.R. 766, 768 (9th Cir. BAP 1989) (per curiam). In reaching that conclusion, both the Bankruptcy Court and the BAP declined to address the underlying factual dispute whether the claims of secured creditors American State Bank ("ASB") and CIT Financial Services ("CIT") were entitled to section 507(b) superpriority.

Had the Bankruptcy Court determined that neither ASB nor CIT were entitled to superpriority for the above claims we would not now be asked to resolve the legal question whether such a superpriority is subordinate to Chapter 7 administrative claims. In the absence of such a factual determination, any expression by this court concerning the hierarchy of these claims would constitute the rendering of an advisory opinion, *i.e.*, "an opinion advising what the law would be upon a hypothetical state of facts." *Vieux v. East Bay Regional Park Dist.*, 893 F.2d 1558, 1573 (9th Cir. 1990), *quoting Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). We are not empowered to issue advisory opinions. *See North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) (per curiam).

Accordingly, the decision of the BAP is VACATED and this matter is REMANDED to the Bankruptcy Court for a factual determination whether the claims of ASB and CIT are entitled to superpriority under section 507(b).

VACATED and REMANDED for further proceedings.

WALLACE, Circuit Judge, dissenting:

I respectfully dissent from the majority's conclusion that there is a constitutional impediment to our resolution of this case.

I conclude that the advisory opinion doctrine is narrower than the majority intimates. A case does not become nonjusticiable simply because it involves the assumption of underlying factual or legal matters. As we pointed out in *Chadha v. INS*, 634 F.2d 408 (9th Cir.1980), *aff'd*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), courts often "adjudicate disputes in which legal or factual matters are conceded." *Id.* at 419. Indeed, courts frequently assume without deciding a predicate legal question and simply move on to a subsidiary inquiry which resolves the dispute. *See, e.g., Edelman v. Western Airlines*, 892 F.2d 839 (9th Cir.1989) (declining to address whether airline employee had property right in her continued employment and deciding that even if she did, she had received all the process she was due).

In this case, there is a clear controversy concerning whether CIT and ASB's Chapter 11 claims have priority status over Chapter 7 administrative expenses. Although the resolution of this issue has two subparts—whether their Chapter 11 claims have superpriority status, and, if so, whether that superpriority claim has priority over Chapter 7 administrative expenses, the Constitution does not dictate the order in which those subparts must be addressed.

Neither of the two cases relied upon by the majority persuades me otherwise. In *Vieux v. East Bay Regional Park District*, 893 F.2d 1558 (9th Cir.1990), there was no case or controversy because the appellants brought a quiet title action against the park district when the park district did not hold any valid legal interest in the property which was the subject of the dispute. *Id.* at 1572–73. We concluded that "[a] declaration as to the rights to the land would be . . . futile." *Id.* at 1573. This case is different. Here, there is an underlying dispute about the priority of CIT and ASB's claims and thus our resolution of the issue presented would not be "futile." The majority's citation to *North Carolina v. Rice*,

404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) (per curiam), is likewise unpersuasive. *Rice* was decided on the basis of mootness. *Id.* at 248, 92 S.Ct. at 405. ASB and CIT's claims of priority status are clearly not moot.

The Bankruptcy Appellate Panel's (BAP) decision here was similar to our decision in *Escobar Ruiz v. INS*, 838 F.2d 1020 (9th Cir.1988) (en banc). The initial panel held (1) that the Equal Access to Justice Act (EAJA) provides for awards of attorneys' fees in deportation proceedings, but (2) Escobar Ruiz was not entitled to attorneys' fees because he was not the prevailing party. *Id.* at 1022. The en banc court held that the EAJA did indeed apply to deportation proceedings. *Id.* at 1029. The dissent contended that the majority had rendered an advisory opinion because the issue whether Escobar Ruiz was a "prevailing party" disposed of the case and there was no reason to reach the issue of the applicability of the EAJA. *Id.* at 1031. The majority rejected this argument, stating:

> We see no constitutional problem whatsoever with deciding this claim. The dispute between Escobar Ruiz and the INS over whether Escobar Ruiz is entitled to attorneys fees clearly presents a case or controversy within the meaning of Article III. . . .
>
> The real problem, in the dissenter's view, is that we have decided the question whether the claim is covered by the statute before deciding whether the claimant can prevail under its terms. We believe the order we have followed is the logical and reasonable order in which to address the issues presented to us. Unless the statute applies, it matters not whether the claim would meet the conditions for recovery.

*Id.* at 1029 n. 15. Similar to the majority opinion in *Escobar Ruiz*, the BAP decided to address the broader question of the relative priority of Chapter 7 administrative claims and Chapter 11 superpriority claims before addressing the narrower question whether ASB and CIT's claims actually were entitled to superpriority. While this ordering of the issues may not be the most desirable, *Escobar Ruiz* teaches that the sequence in which a case or controversy is resolved does not determine its justiciability.

For these reasons, I believe that this case presents a justiciable case or controversy which we have an obligation to decide. However, since the majority disagrees, I will forego any expression of my views on the merits of this case. I respectfully dissent.