**In re SUN RUNNER MARINE, INC., Debtor.**

**CITIBANK, N.A., Appellant,**

v.

**TRANSAMERICA COMMERCIAL FINANCE CORPORATION, Sun Runner Marine, Inc. dba Sun Runner Yachts, Jack R. Reeves, Trustee, Appellees.**

**BAP No. EW–91–1246–PMeJ.
Bankruptcy No. 89–01425 K1R.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Oct. 25, 1991.

Decided Dec. 19, 1991.

Frank T. Pepler, San Francisco, Cal., for appellant.

Jack R. Reeves, Trustee, in pro. per.

Before PERRIS, MEYERS, and JONES, Bankruptcy Judges.

## OPINION

**PER CURIAM:**

The appellant, Citibank, N.A. ("Citibank"), appeals an order allowing a superpriority administrative claim arising from the failure of adequate protection and subordinating the claim to the administrative expenses in the superseding Chapter 7 case. We AFFIRM.

## FACTS

Citibank loaned the debtor, Sun Runner Marine, Inc., approximately $7,000,000 secured by all of the debtor's property and the proceeds thereof. The debtor failed to repay the loan when due and filed its Chapter 11 petition on April 28, 1989.

When the debtor moved for authority to use Citibank's cash collateral, Citibank objected. On June 19, 1989, the bankruptcy court entered an order that authorized the debtor to use the cash collateral for purposes of operating in the ordinary course of business. As adequate protection for the use of collateral, the order granted Citibank a first priority security interest in all assets acquired post-petition by the debtor and required the debtor to maintain cash collateral assets of an aggregate value at least equal to the aggregate value of the assets on the petition date.

The debtor's business lost money and, in October of 1990, the debtor began selling its assets. On October 23, 1990, Citibank moved for allowance of a priority claim pursuant to 11 U.S.C. § 507(b)[1] contending that it was entitled to such a priority claim because of the failure of adequate protection arising from the debtor's failure to maintain value of the cash collateral assets as contemplated by the order of June 19, 1989.[2] On November 2, 1990, the bankruptcy court converted the debtor's bankruptcy case to a case under Chapter 7. Subsequently, the debtor's Chapter 7 trustee, Jack R. Reeves ("the trustee"), opposed Citibank's motion contending, *inter alia,* that any claim under section 507(b) would be inferior to the Chapter 7 administrative expenses under section 726(b).

The bankruptcy court allowed Citibank's priority claim under section 507(b) in the amount of $696,867, but determined that the priority claim was subordinate to the Chapter 7 administrative claims. Citibank filed this timely appeal challenging the bankruptcy court's determination that its claim was subordinate to Chapter 7 administrative claims.

## ISSUE

Whether a Chapter 7 administrative expense claim has priority over a preconversion Chapter 11 administrative expense claim entitled to superpriority under section 507(b).

## STANDARD OF REVIEW

The resolution of this issue involves the construction of pertinent statutory provisions—a question of law subject to de novo review. *E.g., In re Orvco, Inc.,* 95 B.R. 724, 726 (9th Cir. BAP 1989).

## DISCUSSION

Section 507(a)(1) provides that administrative expenses allowed under section 503(b) are entitled to first priority as claims

---

1. All section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* unless otherwise indicated.

2. Citibank contended that the value of the cash collateral assets had decreased from $1,745,450 to $806,583, thereby giving rise to a priority claim in the amount of $938,867.

against the estate. Under section 507(b), administrative claims under section 507(a)(1) that arise from the failure of adequate protection enjoy priority over every other administrative claim allowable under section 507(a)(1).[3] Under section 726(b), administrative claims incurred following the conversion of a reorganization case to Chapter 7 and allowed under section 503(b) enjoy priority over section 503(b) administrative claims that were incurred prior to the conversion.[4]

In this case, the bankruptcy court determined and the parties do not dispute that Citibank has a preconversion administrative claim that is entitled to superpriority under section 507(b). The dispute concerns the priority of Citibank's claim vis-a-vis the priority claims for Chapter 7 administrative expenses under section 726(b).

The bankruptcy court, following the reasoning of *In re MacNeil,* 102 B.R. 766 (9th Cir. BAP 1989), *vacated on other grounds,* 907 F.2d 903 (9th Cir.1990), concluded that the statutory language and policies underlying both provisions supported the view that the post-conversion administrative claims have priority over section 507(b) claims. Citibank contends that under the plain language of the pertinent provisions, section 507(b)'s priority over all other section 507(a)(1) claims includes priority over all administrative expenses, whether such expenses arise before or after conversion. Citibank asserts that section 726(b) merely deals with the priority of expenses under section 503(b), does not purport to address claims under section 507(b) and therefore does not conflict with or affect the priority of a claim under section 507(b). According

to Citibank, section 364(c), which allows the bankruptcy court to authorize postpetition credit giving rise to a claim with priority over "administrative expenses of the kind specified in section 503(b) or 507(b)," recognizes that a claim under section 507(b) is distinct from a claim under section 503(b). Because a section 507(b) claim is distinct, Citibank urges, it cannot be affected by section 726(b).

Citibank's contentions are unpersuasive. Although section 507(b) separates claims arising from a failure of adequate protection from other types of administrative claims, a section 507(b) claim is not, as Citibank suggests, entirely distinct from a claim under section 503(b). Superpriority arises under section 507(b) if, notwithstanding adequate protection, a creditor such as Citibank has a claim allowable under section 507(a)(1) arising from the use of its collateral. A claim under section 507(a)(1) is, as pertinent to this appeal, a claim for administrative expenses under section 503(b).[5] Under this statutory scheme, any claim of Citibank that is entitled to a superpriority under section 507(b) must necessarily be a claim for administrative expenses under section 503(b) as well. *See In re California Devices, Inc.,* 126 B.R. 82, 84 (Bankr.N.D.Cal.1991); *In re Severson,* 53 B.R. 8, 9–10 (Bankr.D.Or.1985); *In re Colter, Inc.,* 53 B.R. 958, 960 (Bankr.D.Colo. 1985). Because section 503(b) is the underlying basis for claims entitled to priority under section 507(b), such claims fall within the scope of plain language of the superpriority provisions of section 726(b) as well as section 507(b).

---

**3.** Section 507(b) provides, in pertinent part, as follows:

> If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, [or] from the use, sale, or lease of such property under section 363 of this title ... then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection.

**4.** Section 726(b) provides, in pertinent part, as follows:

> [I]n a case that has been converted to this chapter under section 1112, 1208, or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title....

**5.** Section 507(a)(1) also refers to fees and charges assessed against the estate under Chapter 123 of title 28. Such fees and charges are not at issue in this appeal.

We do not believe that the plain language of those two sections can be reconciled. On the one hand, section 507(b) gives administrative expense claims arising from failed adequate protection claims priority over all other administrative expenses. On the other hand, section 726(b) gives administrative expenses arising in a Chapter 7 case priority over administrative expense claims of the superseded Chapter 11 case. Reading both of these sections together, neither the plain language of these two provisions nor the legislative history provide any indication as to which of these two types of administrative claims will prevail as against the other. *See* Louis W. Levit, *Use and Disposition of Property Under Chapter 11 of the Bankruptcy Code: Some Practical Concerns,* 53 Am. Bankr.L.J. 275, 290–91 (1979).

Our task, therefore, is to ascertain legislative intent by giving effect to the language of the statute while preserving its sense and purpose. *See Philbrook v. Glodgett,* 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975); *In re Cleveland,* 89 B.R. 69, 71 (9th Cir. BAP 1988). This task involves the balancing of two competing principles. As Citibank points out, the concept of adequate protection is intended to protect a secured creditor's interest in collateral and section 507(b) provides a failsafe or back-stop protection for those rights when adequate protection fails. *See In re Marine Optical, Inc.,* 10 B.R. 893, 894 (1st Cir. BAP 1981); *In re Callister,* 15 B.R. 521, 528 (Bankr.D.Utah 1981), *appeal dismissed,* 673 F.2d 305 (10th Cir.1982). On the other hand, section 726(b) ensures that a liquidation will be carried out consistent with the expressed will of Congress by assuring payment of those who wind up the affairs of the debtor's estate. This encourages capable trustees and professionals to take part in the liquidation and maximizes the benefit for those with claims against the estate. *See, e.g., In re Roundwood Corp.,* 72 B.R. 296, 299 (Bankr. D.S.C.1987); *In re Codesco, Inc.,* 18 B.R. 225, 227 (Bankr.S.D.N.Y.1982).

Upon considering these policies, we determine that the administrative expenses of a Chapter 7 must have priority over an administrative expense claim arising from the failure of adequate protection in a superseded Chapter 11. Assuring compensation to those liquidating the estate, as a practical matter, allows such persons to pursue assets of the estate and increases the overall return to all creditors, with those holding section 507(b) claims being among the first to benefit. In this regard, the purposes of the Code are better served by affording priority to the Chapter 7 costs of administration.

### CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's determination that the Chapter 7 expenses of administration have priority under section 726(b) over Citibank's claim under section 507(b).