**In re FLYNN'S CONSTRUCTION, INC., Debtor.**

**Bankruptcy No. 93–20046.**

United States Bankruptcy Court, D. Maine.

April 1, 1994.

Gregory J. Farris, Farris, Susi, Ollen, Heselton & Ladd, Gardiner, ME, for debtor.

Fred W. Bopp III, Perkins, Thompson, Hinckley & Keddy, Portland, ME, for Peoples Heritage.

## *MEMORANDUM OF DECISION*

JAMES A. GOODMAN, Chief Judge.

Creditor Peoples Heritage Savings Bank ("Peoples") submitted an application for allowance and payment of an administrative expense (the "Application"). After due deliberation, this Court holds that Peoples' administrative claim is entitled to superpriority only over Chapter 11 administrative expenses.

## *I. BACKGROUND*

On January 21, 1993, the Debtor, Flynn's Construction, Inc., filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, and on August 27, 1993, the proceeding was converted to Chapter 7. Peoples is a secured lender of the Debtor, with its loan secured by five pieces of heavy construction equipment (the "Collateral"). Pursuant to a stipulation entered into between the Debtor and Peoples while the Debtor was a debtor-in-possession, the Debtor was permitted to use the Collateral in exchange for providing weekly adequate protection payments to Peoples to protect Peoples' interest in the depreciating Collateral. The Debtor made seven weekly payments to the Bank under the stipulation before payments ceased.[1] After payments ceased, and while the Automatic Stay was still in place, the Debtor continued to use the Collateral to generate revenue for the estate.

After the proceeding was converted to Chapter 7, Peoples began attempts to sell the

---

1. Paragraph 4 of the stipulation provided that "the Bank shall have claims under Section 507(b) of the Code in the event that, notwithstanding such protection, the Bank has a claim allowable under Section 507(a)(1) of the Code."

Collateral, and Peoples now anticipates a deficiency from the sale.[2] As a result, Peoples filed the instant Application and sought to recoup out of the assets of the Chapter 7 estate a portion of the deficiency as an administrative expense. After negotiations with the Chapter 7 Trustee, it was agreed that pursuant to 11 U.S.C. § 507(b) Peoples would be given a superpriority administrative claim in the amount of $7,500 (Peoples' estimate of the amount that the Collateral decreased in value during the Chapter 11 case), and that this claim would have priority over all other administrative claims allowable under Section 507(a)(1), including all Chapter 11 administrative expenses and some Chapter 7 administrative expenses.[3] The revised Application was submitted to the Court for approval.

## II. ANALYSIS

■ Section 507(b) provides "that when adequate protection has been given to a secured creditor and later proves to be inadequate, the creditor becomes entitled to a superpriority administrative claim to the extent that the proffered adequate protection was insufficient."[4] *In re Carpet Center Leasing Co., Inc.,* 991 F.2d 682, 685 (11th Cir.1993); *Grundy Nat'l Bank v. Rife,* 876 F.2d 361, 363 (4th Cir.1989). Peoples maintains that this Code section enables its $7,500 "inadequate" protection claim to gain superpriority over not only all Chapter 11 administrative expenses but over Chapter 7 administrative expenses as well (excluding those which the Chapter 7 Trustee bargained for in the revised Application).

This Court disagrees with Peoples. Peoples $7,500 claim arose during the Chapter 11 portion of this proceeding. This fact is important, because Section 726(b) of the Bankruptcy Code provides that administrative claims incurred under Section 503(b) following the conversion of a reorganization case are entitled to superpriority over like claims incurred prior to conversion.[5] 11 U.S.C. § 726(b). The failure of adequate protection in a reorganization case is an administrative expense of that case and is therefore subject to the payment of any and all administrative expenses which may arise during a superseding liquidation. Claims in-

---

2. Peoples obtained relief from the Automatic Stay to pursue its state law rights and remedies against the Collateral.

3. Peoples' original Application sought superpriority status for the $7,500 claim ahead of all Chapter 11 and all Chapter 7 administrative expenses. After negotiations, however, Peoples and the Chapter 7 Trustee entered into a revised Application which stated: "[T]he administrative expense claim of the Applicant is hereby allowed in the amount $7,500.00, said claim, pursuant to § 507(b), to constitute a first priority administrative expense claim with priority over any and all administrative expenses incurred in the Debtor's Chapter 11 case and in the Debtor's Chapter 7 case post-conversion, but specifically excluding only commissions of the Trustee and any post-conversion administrative expenses incurred by the Trustee or by any professionals whose employment by the Trustee is approved by the Court, which administrative expenses and commissions shall be superior to the $7,500.00 administrative expense claim of the Applicant ..."

As will be discussed *infra* in this Memorandum of Decision, this Court will not permit the Trustee to enter into such an agreement that is contrary to existing case law.

4. Section 507(b) provides:

If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection.

5. Section 726(b) provides:

Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), or (6)[,] or (7) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1112[,], 1208, or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.

tended to compensate failed adequate protection have priority only over those administrative expenses incurred prior to conversion. *See In re Sun Runner Marine, Inc.,* 134 B.R. 4, 7 (9th Cir. BAP 1991).

■ The priority status for Chapter 7 administrative expenses was intended to "encourage capable trustees and other professionals to take part in liquidation to maximize the benefit for those who seek satisfaction of their claims against the estate." *Id. See e.g. In re Roundwood Corp., Inc.,* 72 B.R. 296, 299 (Bankr.D.S.C.1987); *In re J.R. Research, Inc.,* 65 B.R. 747, 751 (Bankr.D.Ut.1986); *In re Codesco, Inc.,* 18 B.R. 225, 227 (Bankr. S.D.N.Y.1982). Providing ultimate priority to claims arising under Section 726(b), ensures that a liquidation will be carried out consistent with the expressed will of Congress: "[t]hose who must wind up the affairs of a debtor's estate must be assured of payment, or else they will not participate in the liquidation or distribution of the estate." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 186–187, 1978 U.S.Code Cong. & Admin.News 5787. Therefore, Peoples has a $7,500 superpriority administrative expense claim only over administrative expenses incurred during the Chapter 11 phase of this proceeding, not over Chapter 7 administrative expenses.

### ORDER

Pursuant to a Memorandum of Decision of even date herewith, it is hereby

ORDERED that the application for allowance and payment of an administrative expense submitted by Peoples Heritage Savings Bank is hereby allowed for the amount of $7,500.00, said amount having priority status only over other Chapter 11 administrative expenses of the Debtor.