**In re VISIONAIRE CORPORATION, Debtor,**

**E. Rebecca Case, Trustee, Movant.**

**No. 02–47804–293.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

March 21, 2003.

Howard S. Smotkin, Janice R. Valdez, St. Louis, MO, for Trustee.

Ira Potter, Edward J. Miller, Benson & Guest, LLP, St. Louis, MO, for Vafer Investment Group, LLC.

Office of the United States Trustee, St. Louis.

### MEMORANDUM OPINION

DAVID P. MCDONALD, Bankruptcy Judge.

This case is before the Court on Trustee's motion to amend the Court's order entered on November 18, 2002 (the "Financing Order"), which allowed Debtor to incur post-petition financing on an unsecured basis from Vafer Investment Group. ("Vafer"). Pursuant to 11 U.S.C. § 364(c)(1), the Financing Order granted Vafer a superpriority administrative expense claim against the estate under 11 U.S.C. § 503(b)(1). The Court converted the case to a liquidation proceeding under Chapter 7 of the Code on January 21, 2003. Trustee now seeks an order modifying the Financing Order to clarify that under 11 U.S.C. § 726(b), any administrative expense claim incurred post-conversion is superior to Vafer's superpriority claim incurred pre-conversion. Because

§ 726(b) specifically governs the relative priorities of claims when a case is converted to a Chapter 7 proceeding and modifying the Financing Order is appropriate under Fed.R.Civ.P. 60(b)(6), the Court will grant Trustee's motion.

### JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(A), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409(a).

### PROCEDURAL & FACTUAL BACKGROUND

A number of Debtor's creditors initiated an involuntary case against Debtor under 11 U.S.C. § 303 on July 16, 2002. By agreement of the parties, the Court converted the case to a voluntary proceeding under Chapter 11 on August 16, 2002.

Debtor filed an emergency motion on November 14, 2002 seeking approval to incur $250,000.00 in debt on an unsecured basis by granting the proposed lender, Vafer, a superpriority administrative claim under 11 U.S.C. § 364(c)(1). The Court granted Debtor's emergency motion and entered the Financing Order on November 15, 2002. The Financing Order authorized Debtor to incur up to $250,000.00 in debt. Further, pursuant to 11 U.S.C. § 364(c)(1), the Financing Order granted Vafer an administrative claim against the estate under 11 U.S.C. § 503(b) with priority over all other administrative expense claims other than professional fees of counsel for the Debtor, counsel for the unsecured creditors' committee, and fees of the U.S. Trustee.

The Court then converted the case to a proceeding under Chapter 7 of the Code on January 21, 2003 and appointed E. Rebecca Case as trustee to administer the estate. Trustee now seeks to modify the Financing Order to clarify that under 11 U.S.C. § 726(b), any administrative claims against the estate for expenses incurred after the conversion has priority over Vafer's pre-conversion superpriority administrative expense claim. Specifically, Trustee seeks to amend the last paragraph of the Financing Order to read:

> **"IT IS FURTHER ORDERED** that except as otherwise provided under 11 U.S.C. § 726(b), the Lender will be granted a super priority administrative expense claim under 11 U.S.C. § 503(b) with respect to the loan proceeds with priority over all other administrative expense claims other than professional fees of counsel for the Debtor, counsel for the committee and the U.S. Trustee".[1]

Vafer counters by asserting that §§ 364(c)(1) and 503(b) immunizes its superpriority administrative expense claim from the effects of § 726(b).

## DISCUSSION

### A. Introduction

The initial issue the Court must determine is whether a superpriority administrative expense claim under § 364(c)(1) is immune from the effects of § 726(b). Section 364(c)(1) allows the court to authorize the debtor-in-possession to incur debt on an unsecured basis and provide the lender with an administrative expense claim that is superior to any or all other administrative expense claims under § 503(b)(1). Conversely, the relevant portion of § 726(b) gives post-conversion administrative expense claims priority over administrative expense claims that were incurred prior to conversion.

Vafer contends that because its superpriority claim is premised on § 364(c)(1), its claim is immune from the effects of § 726(b). Vafer predicates this contention on an argument that because the Court, pursuant to § 364(c)(1), granted it an administrative expense claim superior to all other administrative expense claims in the Financing Order, its claim is superior to any administrative expense claim regardless of § 726(b). Trustee counters by arguing that under the plain language of § 726(b), administrative expense claims under § 503(b) incurred post-conversion are superior to any administrative expense claim incurred pre-conversion, including Vafer's claim.

■ The Court agrees with Trustee's position and holds § 726(b) governs the relative priorities between administrative expense claims incurred post-conversion and Vafer's pre-conversion administrative expense claim. Also, because granting Trustee relief from the Financing Order is appropriate to accomplish justice, the Court will grant Trustee's motion to modify the Financing Order pursuant to Fed. R.Civ.P. 60(b)(6).

### B. Post–Conversion Administrative Expense Claim Trump Vafer's Claim under § 726(b).

As outlined above, the application of the two statutes in question will yield different results. If § 364(c)(1) applies here, Vafer's superpriority administrative expense claim will have priority over all other administrative expense claims, including

---

1. The Court notes that because the U.S. Trustee's fees under 28 U.S.C. § 1930(a)(6) are not administrative expense claims under § 503(b), they are not subject to the provisions of § 726(b). *Huisinga v. Carter (In re Juhl Enterprises, Inc.)*, 921 F.2d 800, 803 (8th Cir.1990).

those incurred post-conversion. Conversely, if § 726(b) applies, administrative expense claims incurred post-conversion would have priority over Vafer's pre-conversion claim.

There is a split of authority on this issue. The two courts that have directly addressed this question have both held the post-conversion administrative expense claims have priority over pre-conversion superpriority claims. *In re Sun Runner Marine*, 134 B.R. 4, 7 (9th Cir. BAP 1991); *In re Summit Ventures, Inc.*, 135 B.R. 478, 483 (Bankr.D.Vt.1991). One court has stated in *dicta* that a pre-conversion superpriority administrative expense claim has priority over a post-conversion administrative priority claim. *In re Energy Cooperative, Inc.*, 55 B.R. 957, 963 n. 20 (Bankr.N.D.Ill.1985). The Court will follow the *Sun Runner* and *Summit Ventures* decision and holds that under § 726(b), post-conversion administrative expense claims have priority over pre-conversion superpriority administrative expense claims for two reasons.

■ The first reason why § 726(b) applies here so that post-conversion administrative expense claims prime Vafer's pre-conversion superpriority claim is because § 726(b) specifically addresses the factual issue in question while § 364(c)(1) applies generally to any case under the Code. Generally, if two statutes are applicable to a given dispute and one of statutes specifically addresses the issue in dispute, a court must apply the statute that specifically addresses the issue in question over the more generally applicable statute. *Morales v. Trans World Airlines*, 504 U.S. 374, 384–85, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). Thus, in the bankruptcy context, if two section of the Code are applicable and one section applies specifically to the chapter under which the case is pending while the other applies generally to all

cases under the Code, the more specific statute will prevail. *Resolution Trust Corp. v. Adams*, 142 B.R. 331, 333 (E.D.Mo.1991).

Here, section 726(b) specifically governs the relative priorities of administrative expense claims when a case has been converted from a Chapter 11 proceeding to one proceeding under Chapter 7 of the Code. Section 364(c)(1), however, is a statute of general applicability that applies to any case under the Code. Accordingly, the Court finds that § 726(b) specifically addresses the relative priorities of administrative expense claims in a case that has been converted to a Chapter 7 proceeding. Further, there is nothing in § 726(b) that would suggest that Congress intended to immunize pre-conversion superpriority claims from the effects of the section. *Sun Runner*, 134 B.R. at 7 (noting that pre-conversion superpriority claims under § 507(b) clearly fall within the ambit of § 726(b)). Therefore, the Court holds that § 726(b) trumps § 364(c)(1) and governs the relative priorities between administrative expense claims incurred post-conversion and Vafer's pre-conversion superpriority claim.

■ The second reason why § 726(b) trumps § 364(c)(1) to give post-conversion administrative expense claims priority over Vafer's pre-conversion superpriority claim is that the policy objectives underlying the Code dictate that post-conversion claims must have priority. The Court does recognize that there are two important policies underlying both §§ 364(c)(1) and 726(b). Section 364(c)(1) encourages potential lenders to provide credit to debtors-in-possession on an unsecured basis. Section 726(b) is designed to motive capable trustees and professionals to effectively liquidate and administer the estate. *See Sun Runner*, 134 B.R. at 4; *Summit Ventures*, 135 B.R. at 478.

The Court finds that the policy objectives underlying § 726(b) override those of § 364(c)(1) upon the conversion of the case to a Chapter 7 proceeding. As the *Sun Runner* Court observed, assuring payment to the professionals who liquidate the estate will encourage those professionals to vigorously pursue, collect and distribute the estate's assets. *Sun Runner Marine,* 134 B.R. at 7; *See also Summit Ventures,* 135 B.R. at 483 (noting that "a present need to administer a Chapter 7 case is always greater than the past, and also mooted, need of the failed Chapter 11"). Thus, giving the post-conversion administrative expense claims priority over pre-conversion superpriority administrative expense claims will increase the overall return to all creditors, including those holding superpriority claims under § 364(c)(1). *Id.*

Contrary to the textual and policy considerations articulated by the *Sun Runner* and *Summit Ventures* Courts, the *Energy Cooperative* Court did not engage in an analysis of either the text of the competing sections of the Code nor a discussion of the pertinent policy objectives. Rather, the court simply relied on Colliers, which at the time opined that pre-conversion superpriority claims do not fall within the ambit of § 726(b). *Energy Cooperative,* 55 B.R. at 963 n. 20. Colliers now, however, states that "[c]ases considering the effect § 726(b) has upon pre-conversion administrative superpriority administrative expense claims have generally allowed the post-conversion administrative expenses to prime a pre-conversion administrative superpriority expense claim." 4 LAWRENCE P. KING ET AL., COLLIER ON BANKRUPTCY ¶ 507.13 (15th ed.2001). Accordingly, the Court finds the Energy Cooperative *dicta* to be unpersuasive and declines to follow it.

In conclusion, § 726(b) specifically addresses the issue of the relative priorities of pre– and post-conversion claims upon conversion to a Chapter 7 liquidation. Also, the policy objective underlying § 726(b) outweigh those of § 364(c)(1) when the case is converted from a Chapter 11 proceeding to a liquidation under Chapter 7. Accordingly, the Court will follow the *Sun Runner* and *Summit Ventures* decisions and holds that under § 726(b), post-conversion administrative expense claims have priority over pre-conversion superpriority claims.

*C. Trustee is Entitled to Relief from the Financing Order under Fed.R.Civ.P. 60(b)(6).*

 Trustee seeks to amend the Financing Order to clarify that under § 726(b) post-conversion administrative expense claims have priority over Vafer's pre-conversion claim. A court may modify a final debtor in possession financing order it entered pursuant to § 364(c)(1) only if such modification is proper under Fed. R.Civ.P. 60(b), made applicable to this contested matter under Fed. R. Bankr.P. 9024. *Delta Air Lines Corp. v. Pan Am Corp. (In re Pan Am Corp.),* 162 B.R. 667, 671–72 (S.D.N.Y.1993).

Trustee argues that it is entitled to relief from the Financing Order under Rule 60(b)(6). Rule 60(b) enumerates six instances when a court may relieve a party from the operation of a final order. Rule 60(b)(6) provides that a court may relieve a party from the operation of the final order for any reason that justifies relief from the final order that is not specified in the other five subsections of the Rule. The Court finds that the facts of the instant case justifies relieving Trustee from the Financing Order.

 A court may only grant a party relief from a final order under Rule

60(b)(6) if exceptional circumstances are present. *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir.1999) *cert. denied* 528 U.S. 928, 120 S.Ct. 324, 145 L.Ed.2d 253 (1999). Rule 60(b)(6), however, is a broad grant of authority to federal courts to provide relief from a final order whenever such action is appropriate to accomplish justice. *Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 863, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Accordingly, a bankruptcy court may grant a party relief from an order entered while the case was a proceeding under Chapter 11 but later converted to a liquidation case under Chapter 7 if the such conversion significantly altered the legal or financial landscape of the case. *State Bank of S. Utah v. Gledhill (In re Gledhill),* 76 F.3d 1070, 1081 (10th Cir.1996).

Here, because the Financing Order was entered while the case was still pending under Chapter 11, Trustee's office was not even in existence when the Court entered the Financing Order. Also, as explained above, under § 726(b), administrative expense claims incurred post-conversion are superior to Vafer's claims incurred pre-conversion. Thus, granting Trustee relief from the Financing Order would effectuate the Congressionally mandated policy of encouraging trustees and professionals to efficiently administer the liquidation and distribution of the estate's assets.

The Court finds that under these circumstances relieving Trustee from the operation of the Financing Order is appropriate to accomplish justice. Therefore, the Court holds that Trustee is entitled to relief from the operating of the Financing Order under Rule 60(b)(6).

## CONCLUSION

Section 726(b) specifically addresses the relative priority of administrative expense claims when a case has been converted to a Chapter 7 proceeding and states that claims based on expenses incurred post-conversion have priority over those incurred pre-conversion. Further, under the facts of the instant case, Trustee is entitled to relief from the Financing Order because such relief is necessary to accomplish justice. Accordingly, the Court will grant Trustee's motion to amend and clarify the Financing Order under Rule 60(b)(6).

An Order consistent with this Memorandum Opinion will be entered this date.