## In re AM–PM PHOTO CAMERA FASHIONS, INC., Debtor.

### Bankruptcy No. 87–03253–7.

United States Bankruptcy Court,
D. Idaho.

June 26, 1990.

Jim Spinner, Green, Service, Gasser & Kerl, Pocatello, Idaho, for trustee.

Gary L. McClendon, Office of the U.S. Trustee, Boise, Idaho, for U.S. trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

This chapter 7 case was converted from a case under chapter 11 of Title 11 U.S.Code. The United States Trustee has filed a proof of claim with the chapter 7 standing trustee for $150.00 as quarterly fees due the United States Trustee while the debtor was in a chapter 11 proceeding under the provisions of 28 U.S.C. § 1930(a)(6). The stand-ing chapter 7 trustee has objected to the claim.

The United States Trustee alleges the claim is entitled to first priority treatment under the provisions of 11 U.S.C. § 726, which section allows as a first priority pay-ment of claims "... of the kind specified in, and in the order specified in, Section 507 of this Title ..." Section 507(a)(1) provides for first priority treatment of "... any fees and charges assessed against the estate under Chapter 123 of Title 28."

The standing chapter 7 trustee invokes the provisions of 11 U.S.C. § 726(b) which provides: "Payment on claims of a kind specified in paragraph (1) ... of Section 507(a) of this Title ... shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under Section 1112 ... a claim allowed under Section 503(b) ... incurred under this chapter after such conversion has priority over a claim allowed under Section 503(b) incurred under any other chapter of this Title or under this chapter before such conversion ..." The chapter 7 trustee argues under this clause the claim of the United States Trustee is subordinat-ed to chapter 7 Section 503(b) claims.

The position of the United States Trustee is correct. Under Section 726(b) only Sec-tion 503(b) expenses incurred in the chapter 11 proceeding are subordinated to Section 503(b) expenses incurred in the chapter 7 proceeding. The claim of the United States Trustee is not a Section 503(b) claim, and is entitled to separate classification as a fee "... against the estate under Chapter 123 of Title 28." The language of Section 507 so specifies. The claim of the U.S. Trustee is entitled to be honored and afforded pro rata treatment with other claims and fees and expenses authorized by Section 507(a)(1).

A separate order will be entered overrul-ing the chapter 7 standing trustee's objec-tion to the claim of the United States Trust-ee.