In re William C. WETMORE a/k/a William C. Wetmore, D.C. d/b/a Wetmore Chiropractic & Nutritional Arts Clinic, Debtors.

Mary REITMEYER, Trustee, Plaintiff,

v.

William C. WETMORE a/k/a William C. Wetmore, D.C. d/b/a Wetmore Chiropractic & Nutritional Arts Clinic, Defendants.

Bankruptcy No. 86–1731PGH.
Motion No. 90–418.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 16, 1990.

Stephen I. Goldring, Asst. U.S. Trustee.

Dennis Spyra, Mary Reitmeyer.

**MEMORANDUM**

WARREN W. BENTZ, Bankruptcy Judge.

At a hearing held May 17, 1990 on the trustee's final report and account and proposed order of distribution, the court, sua sponte, raised the issue of whether the U.S. Trustee quarterly fees and clerk's Chapter 11 costs maintain their § 507(a)(1) priority in a case converted from Chapter 11 to Chapter 7 of the Bankruptcy Code. We afforded the U.S. Trustee an opportunity to submit a memorandum of law.

■ Bankruptcy Code § 507(a)(1) specifies the kind of claims that are entitled to priority in distribution. § 507(a)(1) provides as follows:

**§ 507. Priorities.**

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

We read § 507(a)(1) as providing a first priority for payment of all administrative expenses. Administrative expenses include those allowed under § 503(b) and fees and charges assessed against the estate under Chapter 123 of Title 28. That is, § 507(a)(1) gives a first priority to administrative expenses; "administrative expenses" include claims under § 503(b) and claims under chapter 123 of title 28.

We do not read § 507(a)(1) as bifurcating the administrative claims into two categories [i.e., one category for § 503(b) administrative expenses, and a separate category for chapter 123 title 28 administrative expenses].

§ 726(b) subordinates Chapter 11 administrative expenses to the administrative expenses associated with the liquidation of the estate under Chapter 7. § 726(b) provides in part:

Payment on claims ... shall be made pro rata ... except that in a case that has been converted to this chapter under section 1112, 1208 or 1307 of this title, a

claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.

The purpose is obvious. It is essential, when the case is in Chapter 7, that the estate be liquidated, wound-up and closed. In order to accomplish that essential purpose, it is necessary that the expenses of doing so be given first priority. It may be undesirable, distasteful and embarrassing to have allowed a debtor to accrue Chapter 11 expenses which cannot be paid in full, but, after conversion to Chapter 7, the first priority must go to the costs of winding-up. Otherwise, the necessary chore of winding-up might not be accomplished.

The U.S. Trustee fees and clerk's costs are a part of the administrative expenses under § 507(a)(1). Such fees accrued during the Chapter 11 period must be subordinated to the Chapter 7 administrative expenses.

An appropriate order will be entered.