**In re JUHL ENTERPRISES, INC., d/b/a Juhl Marine.**

**Wesley B. HUISINGA, United States Trustee, Appellant,**

v.

**David O. CARTER and Rick A. Yarnall, Appellees.**

No. 90–5050.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1990.

Decided Dec. 26, 1990.

Charles L. Nail, Jr., Sioux Falls, S.D., for appellant.

David O. Carter, Sioux Falls, S.D., for appellees.

Before WOLLMAN and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.

MAGILL, Circuit Judge.

Wesley B. Huisinga, the United States Trustee in this bankruptcy case, appeals from the district court's affirmance of the bankruptcy court's order that the Trustee's quarterly fee payments be prorated with David O. Carter's Chapter 11 legal expenses for the purpose of distributing the bankruptcy estate's assets. We reverse.

**I.**

The relevant facts are few and undisputed. On October 31, 1986, Juhl Enterprises, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174, which provides for the reorganization of an ongoing business during the bankruptcy proceedings. During the course of the proceedings, 28 U.S.C. § 1930(a)(6) [1] obligated Juhl to pay quarterly fees to the United States Trustee, Huisinga (Trustee). Juhl incurred $7,850 in unpaid quarterly fees before converting its case to a Chapter 7, 11 U.S.C. §§ 701–766, liquidation proceeding on December 15, 1988.

Rick A. Yarnall, the Chapter 7 trustee, filed his Final Report and Account Before Distribution on June 2, 1989. In the report, Yarnall proposed the payment of 100% of all Chapter 7 administrative expenses and 100% of the Trustee's unpaid quarterly fees. Yarnall further proposed that the remaining funds be used to pay pro rata the Chapter 11 administrative expenses that occurred before conversion. This pro rata distribution would have resulted in the Chapter 11 administrative expense claimants receiving 48% of their claims.

David O. Carter, who held a Chapter 11 administrative claim for legal services, objected to Yarnall's proposed distribution, arguing that the quarterly fees should not be paid in full, but instead should be subordinated to the Chapter 7 payments and paid pro rata along with the Chapter 11 administrative expenses. The Trustee then intervened in support of Yarnall's proposed distribution.

After a hearing, the bankruptcy court sustained Carter's objection and ordered Yarnall to amend the Final Report to subordinate the Trustee's quarterly fees to the Chapter 7 administrative expenses and to pay them pro rata with the Chapter 11 administrative expenses. The Trustee ap-

---

**1.** The statute states in relevant part: "In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first." 28 U.S.C. § 1930(a)(6) (1988).

pealed to the district court, which affirmed the bankruptcy court's order without opinion. The Trustee now appeals the affirmance.

## II.

This case involves a narrow issue of statutory construction, and thus our review is de novo. *See Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987). The statutes at issue in this case address the order in which claims against a bankruptcy estate are to be paid. The first relevant statute is 11 U.S.C. § 507 (1988), which establishes the various types of claims and expenses that are to be paid in bankruptcy proceedings under Chapters 7, 11, 12, and 13, and the order of those payments. 11 U.S.C. § 103(a) (1988). Section 507 states in pertinent part: "(a) The following expenses and claims have priority in the following order: (1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 128." Section 503(b) provides for the payment of administrative expenses in general; subsection 503(b)(4) specifically provides for the payment of legal expenses. 11 U.S.C. § 503. "Chapter 123 of title 28" includes 28 U.S.C. § 1930(a)(6), the provision mandating the quarterly fee payments.

The next statute at issue is 11 U.S.C. § 726 (1988), which governs Chapter 7 distributions of property. Section 726 states in pertinent part:

(a) [P]roperty of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

. . . .

(b) Payments on claims of a kind specified in paragraph (1), ... of section 507(a) of this title, ... shall be made pro rata among claims of the kind specified in each such particular paragraph, *except that in a case that has been converted to this chapter [from Chapter 11], a claim allowed under section 503(b) of this title incurred under [Chapter 7]*

*after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title....*

11 U.S.C. § 726 (emphasis added).

The result of the interplay between these statutes is intriguing. Were this a Chapter 11 distribution without conversion, Carter's § 503(b) legal expenses and the Trustee's quarterly fee payments would share first priority for payment. Clearly, in a Chapter 11 case that is converted to a Chapter 7 case, Yarnall's Chapter 7 administrative expenses are given priority over Carter's Chapter 11 legal expenses. The issue arising in this case, however, is whether the Chapter 7 administrative expenses are also given priority over the Trustee's quarterly fees.

The Trustee argues that § 726(a) establishes equal priority for § 503(b) payments and his quarterly fee payments. Section 726(b), according to the Trustee, clearly subordinates only the Chapter 11 § 503(b) administrative expenses, not the Chapter 11 quarterly fee payments. The Trustee emphasizes that § 507(a)(1) mentions § 503(b) administrative expenses *and* the quarterly fee payments. Because § 726(b) only subordinates the § 503(b) administrative expenses, the Trustee reasons, the quarterly fee payments share first priority with the Chapter 7 administrative expenses.

Carter emphasizes § 507 as well, albeit a different part of it. He points to subsection (a), which states: "The following expenses and claims have priority...." Carter contends this language includes the "administrative expenses, and fees and charges" referred to in subsection (a)(1), so that the Trustee's quarterly fee is simply another "expense" or "claim." Applying this interpretation to § 726(b), Carter contends, results in the Trustee's quarterly fees having the same priority as Carter's Chapter 11 expenses, namely, they are both subordinated to Yarnall's Chapter 7 § 503(b) administrative expenses. Carter argues that the § 726(b) exception highlighted above does not elevate the quarterly fee payments above his legal expenses,

because to elevate one Chapter 11 claim over another would produce a result at odds with the first part of § 726(b), mandating pro rata payment of § 507(a)(1) claims.

The bankruptcy court accepted Carter's argument, reasoning that the Trustee's quarterly fees were really Chapter 11 administrative expenses. The court concluded that "all claims of whatever origination relating back to Chapter 11, would have equal priority pursuant to Section 507(a)(1)," Transcript of Hearing at 22, *In re Juhl Enters., Inc.*, No. 89–4128 (Bankr. D.S.D. July 11, 1989), and thus that only Yarnall's Chapter 7 expenses were entitled to priority status.

We disagree with Carter's argument and with the bankruptcy court's construction of the statutes. "The task of resolving the dispute over the meaning of [the statutes] begins where all such inquiries must begin: with the language of the statute[s]...." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Nothing in the statutes indicates that the Trustee's quarterly fees are synonymous with § 503(b) administrative expenses. Subsection 507(a)(1) refers to "administrative expenses allowed under section 503(b) of this title, and any [quarterly fees]." The comma between the two phrases combined with the conjunction "and" indicates that the two kinds of claims are different. *See id.* 109 S.Ct. at 1030–31 (stating that when a phrase is followed by a comma and the words "and any," the phrase is independent of the phrase that follows and the items in the phrases are different). Further support for this conclusion is found in § 503(b) itself, which does not include the Trustee's quarterly fees in its list of administrative expenses. *See* 11 U.S.C. § 503(b).

The language of § 726 refutes Carter's argument that the exception found in § 726(b) does not result in elevating the Trustee's quarterly fee payments above Carter's legal expenses. Section 726(a) places the Trustee's fee and the § 503(b) administrative expenses on the same footing. But § 726(b) removes the Chapter 11 § 503(b) expenses from that lofty status. It does not mention the Trustee's quarterly fees. The only possible result of this omission is that the Trustee's quarterly fee payments have the same priority as the Chapter 7 administrative expenses. *See also In re AM–PM Photo Camera Fashions, Inc.*, 116 B.R. 222, 222 (Bankr.D.Idaho 1990) (holding that because the quarterly fee payments are not § 503(b) claims, Chapter 7 administrative expenses and the quarterly fee payments have the same priority). The bankruptcy court's attempt to lump the Trustee's payments with Carter's Chapter 11 legal expenses on the basis of their common origin in a Chapter 11 proceeding finds no support in the statutes. Rather, the statutes mandate that the Trustee's quarterly fee payments have priority over Chapter 11 administrative expenses where there has been a conversion to Chapter 7. Just as our analysis of the statutes began with their language, this is also "where the inquiry should end, for where, as here, the [statutes'] language is plain, 'the sole function of the courts is to enforce [them] according to [their] terms.'" *Ron Pair*, 109 S.Ct. at 1030 (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

### III.

Because the plain language of § 507(a)(1) makes it clear that § 726(b) does not subordinate the United States Trustee's quarterly fee payments to the Chapter 7 administrative expenses for the purpose of distributing the bankruptcy estate's assets, we reverse the district court's judgment.

HEANEY, Senior Circuit Judge, dissenting.

I would affirm the bankruptcy court and the district court for the reasons given by them in their opinions. The bankruptcy statutes do not specifically give priority to quarterly trustee's fees and I do not believe there is a sound reason for giving these fees a priority status over other administrative expenses. In my view, § 726(b) simply gives a superpriority to

administrative expenses that arise after a conversion to Chapter 7. *See* 3 Collier on Bankruptcy ¶ 507.04[1] (L.King ed. 1990); *see also In re Wetmore,* 117 B.R. 201 (Bankr.W.D.Pa.1990) (holding that quarterly fees are administrative expenses like § 503(b) claims, and must be subordinated to Chapter 7 administrative expenses).

This is another case in which the trustees are overreaching to get a larger share of the bankruptcy estate than they are entitled to, and do so to the detriment of other administrative claims and of unsecured creditors. For these reasons, I dissent.