**In re K & M PRINTING & LITHO-GRAPHING, INC., and Pro Actionwear, Inc., Debtors.**

Bankruptcy Nos. 688–60556–H7, 689–63747–R7.

United States Bankruptcy Court, D. Oregon.

Jan. 14, 1992.

Paul Garrick, Office of the United States Trustee, Eugene, Or., for U.S. Trustee.

Ronald R. Sticka, Eugene, Or., Trustee.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

## BACKGROUND

This matter comes before the court in each of these cases upon the trustee's objection to proofs of claim filed on behalf of the United States Trustee (UST). Both cases originated as Chapter 11 proceedings and were later converted to cases under Chapter 7 of the Bankruptcy Code. In both cases, the UST filed proofs of claim for fees due pursuant to 28 U.S.C. § 1930(a)(6) which had accrued while the cases were pending under Chapter 11, contending that the claims should be allowed with equal priority to Chapter 7 administrative expenses.

The trustee has objected to both proofs of claim contending that they should be denied equal status with Chapter 7 administrative expense claims and that they should be allowed as non-priority, unsecured claims only. The UST requested a hearing on the trustee's objections, oral argument has been held and the parties have submitted their briefs.

The trustee relies upon *In re Rose Truck Brokers, Inc.*, 122 B.R. 465 (Bankr. M.D.Fla.1990) and *In re Wetmore*, 117 B.R. 201 (Bankr.W.D.Penn.1990) to support his position that the UST's fees should not be accorded the same priority as Chapter 7 administrative expense claims for distribution and that they should only be allowed as non-priority unsecured claims. The UST maintains that its claims should be sustained and that the objections of the trustee should be overruled based upon a plain reading of the statutes at issue and the Congressional intent that the UST program be self-funding.

## ISSUE

There are two issues presented to this court for resolution. First, are the UST fees imposed by 28 U.S.C. § 1930(a)(6) payable in a case that has been converted from Chapter 11 to Chapter 7 where no Chapter 11 plan has been confirmed? If so, do the UST fees enjoy the same priority for distribution as Chapter 7 administrative expense claims or should they be given some other priority?

## THE STATUTES

The pertinent statutes are as follows:

28 U.S.C. § 1930(a)(6):

In addition to the filing fee paid to the clerk, *a quarterly fee shall be paid to the United States Trustee,* for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. The fee shall be $150 for each quarter in which disbursements total less than $15,000; $300 for each quarter in which disbursements total $15,000 or more but less than $150,000; $750 for each quarter in which disbursements total $150,000 or more but less than $300,000; $2,250 for each quarter in which disbursements total $300,000 or more but less than $3,000,000; $3,000 for each quarter in which disbursements total $3,000,000 or more. *The fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed.* (emphasis added)

11 U.S.C. § 507 in pertinent part:

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, *and* any fees and charges assessed against the estate under chapter 123 of title 28. (emphasis added)

11 U.S.C. § 726 in pertinent part:

(a) ..., property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

\* \* \* \* \* \*

(b) Payment on claims of a kind specified in paragraph (1), ... of section 507(a) of this title, ... shall be made pro rata ... except that in a case that has been converted to this chapter under section 1112 ..., *a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion* ... (emphasis added)

## DISCUSSION

Only a few reported cases have dealt with the issues presented here. Nevertheless, any dispute over the meaning of the statutes cited above begins with a reading of the statutes themselves. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), *In re Juhl Enterprises, Inc.*, 921 F.2d 800 (8th Cir.1990) and *In re Evans*, 72 B.R. 21 (Bankr.D.Or.1987).

■ The trustee relies heavily upon *In re Rose Truck Brokers, Inc., supra.* In that case, the court concluded that the UST fees should not be allowable against the estate at all. The court reasoned as follows:

Confirmation of a plan is mandated by 11 U.S.C. § 1129(A) when all subsections have been proven. This includes payment of all required fees to the United States Trustee. In this case, no plan was ever confirmed. This is now a case pending in Chapter 7.... Assessment of the fees in question is a judicial act which takes place at the time of the confirmation of the plan. Absent the assessment by the Court in a confirmation order, the fees are not allowable against the assets held by the Chapter 7 trustee. 122 B.R. at 466.

In addition, the court in *Rose Truck Brokers, Inc.* found that it would be inequitable to allow the claim of the UST to take priority over the claims of creditors since creditors would be penalized for the debtor's failed attempt at reorganization.

This court cannot adopt the reasoning of the *Rose Truck Brokers, Inc.* court. Clearly, a plain reading of 28 U.S.C. § 1930(a)(6) shows that the debtor's obligation to pay the UST's fees arises by operation of law and that no court order or other judicial act is a prerequisite, either to fix the amount of the fee due or to require its payment. The statute contains both a schedule for determining the amount of the fee due and establishes the date(s) for payment.

■ Concerning the priority of distribution of the UST fees, the trustee also relies upon *In re Wetmore, supra.* There, the court reached the conclusion that the UST fees should have the same priority as Chapter 11 administrative expenses. Accordingly, such fees should be subordinated to Chapter 7 expenses pursuant to 11 U.S.C. § 726. The *Wetmore* court was concerned with the overriding policy of insuring that the Chapter 7 administrative expenses be paid first; ... "Otherwise, the necessary chore of winding up might not be accomplished." 117 B.R. at 202. In order to reach this result, the *Wetmore* court was required to find that UST fees are part of the administrative expenses provided for under 11 U.S.C. § 507(a)(1). The court reasoned:

We read § 507(a)(1) as providing a first priority for payment of all administrative expenses. Administrative expenses include those allowed under § 503(b) and fees and charges assessed against the estate under Chapter 123 of Title 28. 117 B.R. at 201.

11 U.S.C. § 507(a)(1) provides, however, that first priority goes to, "... administrative expenses allowed under § 503(b) of this title *and* any fees and charges assessed against the estate under Chapter 123 of Title 28." (emphasis added). The statute does not read, as suggested by the *Wetmore* court, that first priority in distribution is allowed to, "administrative expenses allowed under § 503(b) of this title, *including* any fees and charges assessed

against the estate under Chapter 123 of Title 28."

"Nothing in the statutes indicates that the Trustee's quarterly fees are synonymous with § 503(b) administrative expenses." *In re Juhl Enterprises, Inc.,* 921 F.2d at 803.

The distinction is important. Since the UST fees are not § 503(b) administrative expenses, they may not be subordinated to Chapter 7 expenses under 11 U.S.C. § 726(b).

Under Section 726(b) only Section 503(b) expenses incurred in the chapter 11 proceeding are subordinated to Section 503(b) expenses incurred in the chapter 7 proceeding. The claim of the United States Trustee is not a Section 503(b) claim, and is entitled to separate classification as a fee "... against the estate under Chapter 123 of Title 28". *In re AM–PM Photo Camera Fashions, Inc.,* 116 B.R. 222 (Bankr.D.Id.1990).

## CONCLUSION

While some courts, notably the *Wetmore* and *Rose Truck Brokers, Inc.* courts, have attempted to find a solution to a problem they deem to be inequitable, a plain reading of the statutes in question mandates that the UST fees be given the same priority as Chapter 7 administrative expense claims for distribution purposes in cases which are converted from Chapter 11 to Chapter 7. Accordingly, the trustee's objection should be overruled and the UST's proofs of claim should be allowed as filed in both of these cases. Orders consistent herewith shall be entered.