**In re Patrick & Lilia ENDY, Debtors.**

**Bankruptcy No. BK–S–90–24316–RCJ.**

United States Bankruptcy Court,
D. Nevada.

April 28, 1994.

Joshua Landish, Las Vegas, NV, for petitioner.

R. Palmer Cundick, Las Vegas, NV, U.S. Trustee.

## *OPINION*

ROBERT CLIVE JONES, Chief Judge.

The instant case was converted from Chapter 11[1] to one under ·Chapter 7 of the Bankruptcy Code. At a hearing on March 15, 1994, the United States Trustee ("U.S. Trustee") requested an order directing payment of quarterly fees accrued in conjunction

---

1. Unless otherwise indicated, all references to Chapters or sections are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

with the administration of the prior Chapter 11 case. The U.S. Trustee asserted that, despite the conversion of the case, the quarterly fees have the same priority status as Chapter 7 administrative expense claims.

## ISSUE

Whether quarterly fees accrued in conjunction with the administration of a Chapter 11 case have the same priority status as Chapter 7 administrative expenses when the case is subsequently converted to one under Chapter 7.

## DISCUSSION

Section 507(a)(1) accords first priority status to administrative claims allowed under Section 503(b) and fees assessed against the estate under Chapter 123 of Title 28.[2] Instead of bifurcating administrative expenses into two categories (i.e., one `category for Section 503(b) administrative expenses and a separate category for fees accrued under Chapter 123 of Title 28), this provision may be read to accord first priority status to both types of administrative expense. *In re Wetmore,* 117 B.R. 201 (Bkrtcy.W.D.Pa.1990); *But see In re Juhl Enterprises, Inc.,* 921 F.2d 800 (8th Cir.1990) (finding these two types of claims to be different); *accord In re K & M Printing & Lithographing, Inc.,* 135 B.R. 404, 406–07 (Bankr.D.Oregon 1992).

Section 726(b) specifies that "a claim allowed under section 503(b) of this title incurred under this chapter after [conversion to Chapter 11] has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion ..." 11 U.S.C. § 726(b). The *Wetmore* Court recognized that Section 726(b) subordinates Chapter 11 administrative expenses to those associated with the liquidation of a Chapter 7 estate. *Wetmore,* 117 B.R. at 201. Accordingly, the *Wetmore* Court held that U.S. Trustee quarterly fees accrued during the Chapter 11 period of a converted case

must be subordinated to the subsequent Chapter 7 administrative expenses. *Wetmore,* 117 B.R. at 202.

In *In re Sun Runner Marine, Inc.,* 134 B.R. 4, 6 (9th Cir. BAP 1991) the Ninth Circuit Bankruptcy Appellate Panel concluded that the language and policies of Bankruptcy Code Section 726(b) support the view that post-conversion administrative claims have priority over section 507(b) claims. *Sun Runner Marine,* 134 B.R. at 7. The *Sun Runner Marine* court explained that neither the plain language of sections 507(b) and 726(b) nor their legislative history indicates which of these two types of claims prevails against the other. *Id.* In determining that Chapter 7 administrative expenses must have priority over section 507(b) claims in a superseded Chapter 11, the *Sun Runner Marine* court noted that such a result furthers the intention of Congress. *Id.* Congress intended, the *Sun Runner* court noted, to assure payment of those who wind up the affairs of the debtor, which encourages competent professionals to participate in the liquidation and, in turn, maximizes the benefit for all claimants against the estate.[3]

The *Sun Runner Marine* rationale applies in the present case. If the quarterly fees claimed by the U.S. Trustee under Chapter 123 of Title 28 were to be paid before the administrative claims of those facilitating the liquidation of the Endy's estate, there is a risk that existing actions might never be pursued. This, in turn, could result in a marked decrease in the overall return to creditors.

For the reasons set forth above, the United States Trustee's motion for an order directing payment of quarterly fees as a priority expense is hereby denied.

---

**2.** 11 U.S.C. § 507(a)(1). Chapter 123 of Title 28 includes 28 U.S.C. § 1930(a)(6) which mandates quarterly fee payments.

**3.** *Id.;* "Those who must wind up the affairs of a debtor's estate must be assured of payment, or

else they will not participate in the liquidation or distribution of the estate." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 186–87 (1977); 1978 U.S.Code Cong. & Admin.News, 5787, 6147.