**In re Herbert M. EHRMAN and Wendy N. Ehrman, Debtors.**

**Bankruptcy No. B–90–05681–PHX–RGM.**

United States Bankruptcy Court, D. Arizona.

Sept. 13, 1994.

———

Lawrence D. Hirsch, Phoenix, AZ, for debtors.

Edwin P. Lee, Phoenix, AZ, for trustee.

U.S. Trustee's Office, Tom Allen, Chris Pattock, Phoenix, AZ.

## OPINION AND ORDER SUSTAINING LAWRENCE D. HIRSCH'S OBJECTION TO PROPOSED DISTRIBUTION OF THE CHAPTER 7 ESTATE

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the Court pursuant to the Hirsch Law Office's Objection filed by Lawrence D. Hirsch to the Proposed Distribution of the Chapter 7 Estate. A hearing was held August 30, 1994 and arguments were presented on this matter after which the matter was taken under advisement. After due consideration of the objection, arguments of counsel and the record herein, the Court finds and concludes the following in making its decision.

1. The case was filed on May 31, 1990 under Chapter 11 of the Bankruptcy Code and on March 24, 1992, the case was converted to one under Chapter 7 of the Bankruptcy Code.

2. While the case was pending under Chapter 11, various administrative expenses were incurred by the bankruptcy estate. These administrative expenses include approved fees and costs of Debtor's counsel and quarterly fees due to the U.S. Trustee. After conversion to Chapter 7, further administrative expenses were incurred.

3. In the proposed distribution, the Chapter 7 Trustee elevated the unpaid quarterly fees due to the U.S. Trustee as a Chapter 11 administrative expense to equal status with Chapter 7 administrative expenses. The U.S. Trustee for the District of Arizona requires Chapter 7 Trustees to elevate unpaid quarterly fees to equal status as Chapter 7 administrative expenses before a final report will be accepted by that office. See *In re Juhl Enterprises, Inc.,* 921 F.2d 800 (8th Cir.1990).

4. On July 19, 1994, Debtor's counsel, Lawrence D. Hirsch, filed an objection to the Chapter 7 Trustee's proposed distribution because the elevation of the unpaid quarterly U.S. Trustee's fees to Chapter 7 administrative expense status would effect no distribution to his Chapter 11 fees and dilute the Chapter 7 administration claims.

The status of Chapter 7 administrative expenses was reviewed by the Bankruptcy Appellate Panel of the 9th Circuit ("BAP") and Chapter 7 administrative expenses were determined to have priority over all pre-conversion Chapter 11 administrative expense claims. *In re Sun Runner Marine, Inc.,* 134 B.R. 4 (9th Cir. BAP 1991).

■ This Court follows the BAP for the principle that decisions of the BAP are binding precedent on this Court in absence of contrary authority of the local District Court. See, *In re Proudfoot,* 144 B.R. 876, 878–79 (9th Cir. BAP 1992); *In re Windmill Farms, Inc.,* 70 B.R. 618 (9th Cir. BAP 1987), *rev'd on other grounds,* 841 F.2d 1467 (9th Cir. 1988). BAP decisions are controlling in all cases when the facts and law are applicable. *In re General Associated Investors Ltd. Partnership,* 150 B.R. 756 (Bankr.D.Ariz. 1993). The Court in *Windmill Farms* stated:

> One of the reasons for establishing the BAP was to provide a uniform and consistent body of bankruptcy law throughout the entire Circuit. In order to achieve this desired uniformity, the decisions of the Bankruptcy Appellate Panel must be binding on all of the bankruptcy courts from which review may be sought, i.e., each district in the Ninth Circuit.

*In re Windmill Farms, Inc.,* 70 B.R. at 622.

■ The *Sun Runner* court's holding did not specifically deal with unpaid quarterly fees but approved the subordination principle. The issue of the proper status of unpaid quarterly fees due the U.S. Trustee in a case where there has been a conversion to Chapter 7 has been dealt with by the following rulings. *In re Endy,* 166 B.R. 438 (Bankr. D.Nev.1994); *In re Wetmore,* 117 B.R. 201 (Bankr.W.D.Pa.1990); *In re Juhl Enterprises, Inc.,* 921 F.2d 800 (8th Cir.1990); *In re K & M Printing & Lithographing, Inc.,* 135 B.R. 404 (Bankr.D.Oregon 1992).

Section 507(a)(1) of the Bankruptcy Code provides that first priority status is to be granted to administrative expense claims allowed under section 503(b) and fees assessed

against the estate under Chapter 123 of Title 28. The Court finds and concludes on this record that Chapter 11 administrative expense claims allowed under section 503(b) and fees assessed under Chapter 123 of Title 28 are of equal priority under section 507(a)(1). See *In re Wetmore,* 117 B.R. at 201.

Section 726(b) deals with administrative expenses after conversion of a case to one under Chapter 7. This section states, in part, as follows:

"Payment on claims of a kind specified in paragraph (1) ... of section 507(a) ... shall be made pro rata ... except that in a case that has been converted to this chapter ... a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title ..."

Under this section administrative expenses incurred in a Chapter 11 proceeding prior to conversion to Chapter 7 must necessarily be subordinated to Chapter 7 administrative expenses.

Where there has been a conversion, it is essential that Chapter 7 administrative expenses must be given first priority over all Chapter 11 administrative expenses or the parties who must act to wind up the Debtor's affairs will have no incentive to do so. As Judge Jones noted in *Endy:*

The *Sun Runner Marine* court explained that neither the plain language of sections 507(b) and 726(b) nor their legislative history indicates which of these two types of claims prevails against the other. *Id.* In determining that Chapter 7 administrative expenses must have priority over section 507(b) claims in a superseded Chapter 11, the *Sun Runner Marine* court noted that such a result furthers the intention of Congress. *Id.* Congress intended, the *Sun Runner* court noted, to assure payment of those who wind up the affairs of the debtor, which encourages competent professionals to participate in the liquidation and, in turn, maximizes the benefit for all claimants against the estate.

The Court herein, under the posture of the applicable law, determines that all Chapter 11 administrative expenses must be subordinated to Chapter 7 administrative expenses incurred post-conversion and that the law cited by the BAP must be followed on this record BAP being the controlling authority. 11 U.S.C. 726(b); See *In re Sun Runner, Inc.,* 134 B.R. 4 (9th Cir. BAP 1991).

The U.S. Trustee urges the Court to follow the decisions which have allowed unpaid quarterly fees to be elevated to Chapter administrative expense status. The U.S. Trustee argues that the plain language of section 726(b) specifically subordinates administrative expenses incurred pre-conversion and allowed under section 503(b), but that section 726(b) does not specifically subordinate fees assessed against the estate under Chapter 123 of Title 28. The U.S. Trustee urges that because of this omission in section 726(b), the unpaid quarterly fees have the same priority as the Chapter 7 administrative expenses and that this is the plain meaning of the law. See *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *In re Juhl Enterprises, Inc.,* 921 F.2d 800 (8th Cir.1990); *In re K & M Printing & Lithographing, Inc.,* 135 B.R. 404 (Bankr.D.Oregon 1992).

In *Ron Pair Enterprises,* the Supreme Court analyzed the plain meaning of legislation, but concluded that the plain meaning is not always conclusive:

The plain meaning of legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982). In such cases, the intention of the drafters, rather than the strict language controls. *Ibid.*

This Court declines to adopt the Trustee's reading of the statutes and instead finds and concludes on this record that the bankruptcy statutes do not specifically grant priority to unpaid quarterly fees for the benefit of the U.S. Trustee and that there is no convincing reason to grant these fees priority over other Chapter 11 administrative expenses post-con-

version for the reasons stated. Therefore, the court holds that the unpaid quarterly fees cannot be elevated to Chapter 7 administrative expense status, but should be treated the same as all other Chapter 11 administrative expenses.

Accordingly,

IT IS ORDERED sustaining the objection of Lawrence D. Hirsch to the Proposed Distribution;

IT IS FURTHER ORDERED vacating the Order dated June 28, 1994, approving the Chapter 7 Trustee's proposed distribution and directing the Chapter 7 Trustee to submit a revised proposed distribution in accordance with this Order.