In re Howard M. EHRMAN and
Wendy M. Ehrman, Debtors.

UNITED STATES TRUSTEE, Appellant,

v.

Lawrence D. HIRSCH, Appellee.

Nos. CIV–94–2104–PHX–SMM,
BK 90–05681–PHX–RGM.

United States District Court,
D. Arizona.

July 3, 1995.

Adrianne Kalyna, Christopher J. Pattock, U.S. Trustee's Office, Phoenix, AZ, for appellant U.S. Trustee.

Lawrence D. Hirsch, Hirsch Law Office PC, Phoenix, AZ, for appellees Herbert M. Ehrman, Wendy M. Ehrman, debtors.

## MEMORANDUM OF DECISION AND ORDER

McNAMEE, District Judge.

### I. INTRODUCTION

Appellant United States Trustee ("U.S. Trustee") appeals the bankruptcy court's order sustaining an objection to the proposed distribution of the Chapter 7 bankruptcy estate of Herbert M. and Wendy N. Ehrman ("Debtors"). The U.S. Trustee argues that the bankruptcy court erred in holding that quarterly fees owing to the U.S. Trustee do not receive the same priority as Chapter 7 administrative expenses upon distribution if the case has been converted from Chapter 11. The parties fully briefed the appeal and presented oral argument to the Court on June 26, 1995.

### II. BACKGROUND

Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 31, 1990. During the course of the Chapter 11 case, Debtors incurred $1,250.00 in quarterly fees payable to the U.S. Trustee. These fees remained unpaid on March 24, 1992, when the Debtors' Chapter 11 case was converted to a Chapter 7 case.

Robert J. Davis ("Davis") was appointed to serve as the Chapter 7 Trustee. Davis proposed to distribute the remaining estate *pro rata* between the Chapter 7 administrative expenses, the court costs assessed during the Chapter 7 and Chapter 11 cases, and the unpaid quarterly fees incurred in the Chapter 11 case. Under this proposed distribution, no other funds would have been available for distribution to any other creditor or claimants.

Appellee Lawrence D. Hirsch ("Hirsch") held administrative claims for legal services provided to the Debtors during the Chapter 11 and Chapter 7 proceedings. Hirsch objected to Davis's proposed distribution, arguing that quarterly fees should not receive priority status equal to Chapter 7 adminis-

trative expenses but should be subordinated to Chapter 7 administrative expenses and paid *pro rata* with Chapter 11 administrative claims. The U.S. Trustee intervened in support of Davis's proposed distribution.

In an opinion reported at 171 B.R. 683 (Bankr.D.Ariz.1994), the bankruptcy court sustained Hirsch's objection. The bankruptcy court held that "the bankruptcy statutes do not specifically grant priority to unpaid quarterly fees for the benefit of the U.S. Trustee and that there is no convincing reason to grant these fees priority over other Chapter 11 administrative expenses post-conversion...." *Id.* at 685. Accordingly, the bankruptcy court ordered Davis to submit a revised distribution that afforded the unpaid quarterly fees the same priority as all other Chapter 11 administrative expenses. *Id.* at 686.

The U.S. Trustee timely moved for reconsideration of the bankruptcy court's order. Upon the bankruptcy court's denial of the motion for reconsideration, the U.S. Trustee timely filed the instant appeal.

### III. STANDARD OF REVIEW

■■■ This Court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and reviews its conclusions of law *de novo*. *In re Hall,* 1 F.3d 853, 854 (9th Cir.1993). The instant case presents a question of statutory construction and is therefore subject to *de novo* review. *See In re Alsberg,* 161 B.R. 680, 682 (9th Cir. BAP 1993).

### IV. DISCUSSION

■■■ Section 507 of the Bankruptcy Code sets forth the order of priority for payment of claims and expenses in bankruptcy proceedings under Chapters 7, 11, 12, and 13. *See* 11 U.S.C. § 507(a). Section 507 affords first priority to:

> ... administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

*Id.* Quarterly fees payable to the U.S. Trustee are assessed against Chapter 11 estates pursuant to § 1930(a)(6) of Chapter 123

of Title 28. Thus, quarterly fees receive first priority along with administrative expenses allowed under § 503(b). *See id.*

Section 726 of the Bankruptcy Code provides for the distribution of property under Chapter 7. *See* 11 U.S.C. § 726. Section 726 states:

(a) ... [P]roperty of the estate shall be distributed—

    (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

    \*    \*    \*    \*    \*    \*

(b) Payment on claims of a kind specified in paragraph (1) ... of section 507(a) of this title ... shall be made *pro rata* among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to [Chapter 7 from Chapter 11], a claim allowed under section 503(b) of this title incurred under [Chapter 7] after such conversion has priority over a claim allowed under section 503(b) of this title incurred under [Chapter 11].

Under this scheme, administrative expenses allowed under § 503(b) of Title 11 and fees and charges assessed pursuant to Chapter 123 of Title 28 are to be paid first on a *pro rata* basis. *Id.* If the case has converted to Chapter 7 from Chapter 11, however, the § 503(b) administrative expenses incurred in the Chapter 7 proceedings take precedence over the § 503(b) administrative expenses incurred in the Chapter 11 proceedings. *Id.* The parties dispute whether § 726 further requires that § 503(b) administrative expenses incurred in the Chapter 7 proceedings take precedence over quarterly fees assessed pursuant to Chapter 123 of Title 28.

The vast majority of courts that have addressed this issue have held that quarterly fees incurred in the Chapter 11 proceedings continue to enjoy the same priority as Chapter 7 administrative expenses post-conversion.[1] These courts have looked to the plain language of the statutes and noted that "[n]othing in the statutes indicates that the Trustee's quarterly fees are synonymous with § 503(b) administrative expenses." *Juhl,* 921 F.2d at 803; *see also Lochmiller Indus.,* 178 B.R. at 250; *Metro Transp. and Health Referral,* 165 B.R. at 832; *Darmstadt,* 164 B.R. at 470; *K & M Printing & Lithographing,* 135 B.R. at 404; *AM–PM Photo Camera Fashions,* 116 B.R. at 222. Rather, the grammatical structure of § 507(a) distinguishes between administrative expenses allowed under § 503(b) and fees assessed under Chapter 123 of Title 28, indicating that the two types of claims are different. *Juhl,* 921 F.2d at 803; *Lochmiller Indus.,* 178 B.R. at 250; *Metro Transp. and Health Referral,* 165 B.R. at 832; *Darmstadt,* 164 B.R. at 470; *K & M Printing & Lithographing,* 135 B.R. at 404; *AM–PM Photo Camera Fashions,* 116 B.R. at 222. Further, the text of § 503(b) does not include quarterly fees amongst its list of administrative expenses. *See* 11 U.S.C. § 503(b).

The majority of courts have further noted that § 726 expressly subordinates only claims for § 503(b) administrative expenses incurred in proceedings other than Chapter 7 to those § 503(b) administrative expenses incurred in Chapter 7 proceedings. *Juhl,* 921 F.2d at 803; *Lochmiller Indus.,* 178 B.R. at 250; *Metro Transp. and Health Referral,* 165 B.R. at 832; *Darmstadt,* 164 B.R. at 470; *K & M Printing & Lithographing,* 135 B.R. at 404; *AM–PM Photo Camera Fashions,* 116 B.R. at 222. These courts have reasoned that because quarterly fees assessed under Chapter 123 of Title 28 are distinct from § 503(b) administrative expenses and because § 726 makes no reference to claims arising under Chapter 123 of Title 28, § 726 does not subordinate claims for quarterly fees. *Juhl,* 921 F.2d at 803; *Lochmiller Indus.,* 178 B.R. at 250; *Metro Transp. and Health Referral,* 165 B.R. at 832; *Darmstadt,* 164 B.R. at 470; *K & M Printing & Lithographing,* 135 B.R. at 404; *AM–PM*

---

1.  *See, e.g., In re Juhl Enters.,* 921 F.2d 800, 803 (8th Cir.1990); *In re Lochmiller Indus.,* 178 B.R. 241, 250 (Bankr.S.D.Cal.1995); *In re Metro Transp. & Health Referral, Inc.,* 165 B.R. 832, 833–34 (Bankr.N.D.Ohio 1994); *In re Darmstadt Corp.,* 164 B.R. 465, 470 (D.Del 1994); *In re K & M Printing & Lithographing, Inc.,* 135 B.R. 404, 407 (Bankr.D.Or.1992); *In re AM–PM Photo Camera Fashions, Inc.,* 116 B.R. 222 (Bankr.D.Idaho 1990).

*Photo Camera Fashions,* 116 B.R. at 222. Accordingly, these courts have concluded that quarterly fees and Chapter 7 administrative fees are of equal priority and should share on a *pro rata* basis.

Courts following the majority position have also found that affording quarterly fees the same priority as Chapter 7 administrative expenses furthers Congress's intent for the United States Trustee Program to be funded by the users of the bankruptcy system rather than the taxpayers. *See, e.g., Metro Transp. and Health Referral,* 165 B.R. at 833–34. If quarterly fees were subordinated to Chapter 7 administrative expenses, this method of self-funding for the United States Trustee Program would be jeopardized. *Id.*

A minority of courts, including the bankruptcy court below, have focused on a different policy to conclude that quarterly fees are subordinated to Chapter 7 administrative fees. *See Ehrman,* 171 B.R. at 685; *In re Wetmore,* 117 B.R. 201, 202 (Bankr.W.D.Pa. 1990). These courts have reasoned that the legislative impetus behind § 726 was to insure payment to those who wind up the affairs of the debtor in order to encourage qualified professionals to participate in the liquidation and thereby increase the benefit to all claimants. *See Ehrman,* 171 B.R. at 685; *Wetmore,* 117 B.R. at 202. Without offering any evidentiary support, they have concluded that if Chapter 7 administrative expenses were not afforded priority over quarterly fees incurred in Chapter 11 proceedings, the parties charged with winding up the Chapter 7 proceedings would lack an incentive to do so. *Ehrman,* 171 B.R. at 685; *Wetmore,* 117 B.R. at 202. To promote the efficient liquidation of the estate, these courts have interpreted quarterly fees to be part of the administrative expenses under Chapter 11 that are subordinated to Chapter 7 administrative expenses. *Ehrman,* 171 B.R. at 686; *Wetmore,* 117 B.R. at 202.

The bankruptcy court below stated that its conclusion was mandated by the holding of the Ninth Circuit Bankruptcy Appellate Panel in *In re Sun Runner Marine, Inc.,* 134 B.R. 4 (9th Cir. BAP 1991). The *Sun Runner* court held that Chapter 7 administrative expenses had priority over a pre-conversion Chapter 11 administrative expense that would ordinarily receive superpriority based on failure of adequate protection. 134 B.R. at 7. In reaching this conclusion, the *Sun Runner* court recognized the policy of assuring compensation to those liquidating the estate. *Id.* However, the claim at issue in *Sun Runner* was an administrative expense under § 503(b) and thus subordinated expressly by § 726. The *Sun Runner* court itself noted that fees and charges assessed under Chapter 123 of Title 28 were not at issue. *Id.* at 6 n. 5. Accordingly, *Sun Runner* is neither applicable nor controlling law.

Recognizing that *Sun Runner* provides no support for the minority view, the court in *In re Endy,* 181 B.R. 526, 528–29 (D.Nev.1995) declined to adopt either the minority position or the majority position. The *Endy* court formulated a third construction of the statutes, reasoning that § 726 should neither subordinate nor elevate the priority or *pro rata* share of quarterly fees. *Id.* at 529. The *Endy* court concluded that in a case converted from Chapter 11 to Chapter 7, the quarterly fees should share proportionately with all § 503(b) administrative expenses incurred during both Chapter 11 and Chapter 7 proceedings. *Id.* Only after the quarterly fees' *pro rata* share is determined would § 726 come into play in allocating the § 503(b) administrative expenses, giving first priority to those incurred in Chapter 7. *Id.* Under this formula, if $6,000 were available for distribution and if $5,000 had accrued in Chapter 7 administrative fees, $5,000 had accrued in Chapter 11 administrative fees, and $5,000 had accrued in quarterly fees, the *pro rata* share payable for quarterly fees would be $2000 and the *pro rata* share payable for administrative expenses would be $4000. *Id.* n. 3. Section 726 would then operate to award the entire $4000 to those administrative claims derived from the Chapter 7 proceedings. *Id.*

This Court finds that the majority view is the better reasoned of the three alternatives. The ordinary language of § 507(a) indicates that administrative fees under § 503(b) are to be treated separately and distinctly from charges and fees under Chapter 123 of Title 28. Section 726 serves only to subordinate

§ 503(b) administrative fees incurred in proceedings other than Chapter 7. Accordingly, § 726 has no effect on quarterly fees assessed pursuant to Chapter 123 of Title 28.

The minority view, which would construe Chapter 123 fees as part of the administrative expenses that § 726 subordinates to Chapter 7 administrative expenses, would render the last clause of § 507(a) superfluous. The alternative construction proposed by the *Endy* court would read into § 726 an additional step for determining priority. These constructions would each alter the plain meaning of § 507(a) and are therefore not consistent with fundamental principles of statutory construction. *See United States v. Ron Pair Enters, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (courts must interpret words as taking their common meaning); *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988) (courts cannot expand plain and unambiguous provisions of the Bankruptcy Code on equitable grounds); *Nevada v. Watkins,* 939 F.2d 710, 715 (9th Cir.1991) (courts must avoid interpretations that would render any part of statute superfluous and would not give effect to all words used by Congress). Further, in the face of ample authority holding that § 726 does not subordinate quarterly fees to Chapter 7 administrative expenses, Congress elected not to address this issue in the Bankruptcy Reform Act of 1994, Pub. 1. No. 103–394, indicating that the majority view satisfied congressional intent.

## V. CONCLUSION

This Court finds that under the plain meaning of §§ 507(a), 503(b), and 726, quarterly fees owing to the U.S. Trustee are not subordinated to Chapter 7 administrative fees upon post-conversion distribution.

**IT IS THEREFORE ORDERED** reversing the bankruptcy court's order dated September 13, 1994, and remanding this matter for resolution consistent with this opinion.