**In re DISCOUNT PRINTING, INC.**

**Bankruptcy No. 89–40281.**

United States Bankruptcy Court,
S.D. West Virginia.

Nov. 14, 1995.

George Y. Chandler, Parkersburg, WV, for Debtor.

Arthur M. Standish, Trustee, Charleston, WV.

**MEMORANDUM OPINION AND ORDER DENYING THE UNITED STATES TRUSTEE'S MOTION TO RECONSIDER AND SUSTAINING THE OBJECTION OF ROBERT GOLDENBERG**

RONALD G. PEARSON, Bankruptcy Judge.

On August 10, 1995, the Court heard the United States Trustee's motion to reconsider the Order entered May 15, 1995, along with the objection of Robert Goldenberg. The Court took this matter under advisement. The May 15th Order accepted the Trustee's agreed order, that resolved the written objection of Robert T. Goldenberg, rejected the

Trustee's agreed order that resolved the unwritten objection of the office of the United States Trustee, and reclassified the United States Bankruptcy Court fees as Chapter 11 administrative expenses.

The issues to be resolved by the motion are: (1) whether the United States Trustee should have filed a written objection to the Chapter 7 Trustee's Final Report when the United States Trustee had reviewed the report prior to its filing with the Court and such report had been distributed to the other creditors in the case; and (2) whether the quarterly fees charged by the United States Trustee in Chapter 11 cases should be considered a Chapter 7 administrative expense priority or a Chapter 11 administrative expense priority upon conversion of a case from Chapter 11 to Chapter 7. The Court finds that the issues raised in the motion to reconsider are a core proceeding pursuant to 28 U.S.C. § 157 and this Court has jurisdiction pursuant to 28 U.S.C. § 1334. For the reasons set forth below, the Court denies the motion to reconsider and sustains the objection of Robert Goldenberg.

### FINDINGS OF FACT

The Court adopts in part the "Statement of Facts" as contained in the United States Trustee's Motion to Reconsider filed with the Court on May 23, 1995 that stated in part:

The debtor commenced this case by filing a voluntary Chapter 11 petition on November 21, 1989. On September 9, 1991, the court entered an order converting the case to a case under chapter 7.... January 9, 1992 was established as the deadline for the filing of proofs of claim. On December 31, 1991, the United States Trustee filed a proof of claim for unpaid quarterly fees in the amount of $[3]00.00 due under 28 U.S.C. § 1930(a)(6).[1] Arthur M. Standish was appointed by the United States Trustee to serve as substitute trustee on April 20, 1992.

**After Mr. Standish administered the assets of the estate, he prepared a Final Report and submitted it to the United States Trustee for review. The final report was filed with the bankruptcy court** on March 10, 1995. On March 13, 1995, the bankruptcy court issued a Notice of Trustee's Final Report and Proposed Distribution to Creditors. In the Final Report, the chapter 7 proposed to subordinate the United States Trustee's claim to the payment of chapter 7 administrative expenses and to pay it pro rata with chapter 11 administrative expenses *(emphasis added)*.

On April 10, 1995, Robert Goldenberg, a creditor of the debtor, filed an objection to the distribution proposed in the Final Report. The bankruptcy court issued a notice on April 12, 1995, scheduling a hearing on May 4, 1995 to consider Mr. Goldenberg's objection. **The United States Trustee subsequently advised Mr. Standish that the United States Trustee would file an objection to the Final Report unless it was amended to provide for the payment of the United States Trustee's claim for unpaid quarterly fees on a parity with the payment of the chapter 7 administrative expenses** *(emphasis added)*.

On April 27, 1995, Mr. Standish tendered to the court an Agreed Order Resolving Objection to Trustee's Final Report. **The Agreed Order provided that Mr. Goldenberg's claim would be treated as a chapter 11 administrative expense and that the United States Trustee's claim for quarterly fees would be treated on parity with the chapter 7 administrative expenses and paid in full** *(emphasis added)*.

In addition to the facts stated above, the Court also finds the following facts relevant to this matter. As stated above, the United States Trustee reviewed the Final Report of the Chapter 7 Trustee, which is demonstrated by the signature of the United States Trustee's office on the Final Report at the time such report was field with the Court. Subsequently, the Notice to Creditors and Other Parties in Interest of Trustee's Final Report and Account, as prepared and distributed by the Bankruptcy Clerk's office, provided that creditors and other parties had until April 10, 1995 to file written objections to the Final Report. The United States

---

1. The Proof of Claim filed by the United States Trustee on December 31, 1991 is in the amount of $300.00 not $500.00 as stated in the Motion to Reconsider.

Trustee did not at any time file any written objection to the Final Report as required by the Notice and as complied with by Robert Goldenberg, a creditor in the case, nor did the United States Trustee seek enlargement of the time to file such an objection pursuant to Bankruptcy Rule 9006(b). The Court by Order entered May 15, 1995 rejected the compromise of the Trustee as it related to the unwritten objection of the United States Trustee.

The Final Report reflects that the other creditors that would have been negatively impacted in terms of reductions in their pro-rata distributions by the inclusion of the United States Trustee's quarterly fees as a Chapter 7 administrative expense rather than a Chapter 11 administrative expense included: West Virginia Workers' Compensation Fund, United States Internal Revenue Service, C & P Telephone Co., Monongahela Power Co., West Virginia State Tax Department, R. Paul Phillips, Carlson Craft, and Bureau of Employment Programs. The United States Trustee denied these creditors the opportunity of notice of the proposed resolution of its unwritten objection.

*CONCLUSIONS OF LAW*

■ The first issue is whether the Court should permit the United States Trustee to resolve unwritten and unfiled objections with its Chapter 7 panel trustees without notice to other creditors in the case. The Court finds such procedure unacceptable when the United States Trustee is a creditor in a case as was the situation here.

The United States Trustee was provided ample opportunity to file an objection with this Court as the United States Trustee not only reviewed the Final Report prior to its filing with the Court but also was provided, like any other creditor in the case, approximately thirty (30) days to file such an objection or seek enlargement of the time to file such objection. *See In re Ratka*, 144 B.R. 94 (Bankr.N.D.Iowa 1992). It appears to the Court that the United States Trustee, when a creditor in a Chapter 7 case, should take all possible steps to avoid the appearance of a conflict of interest between its duties in the supervision of Chapter 7 Trustees and as a creditor in a case. From the record in this case, it would appear that the informal approach of the United States Trustee that resolved and increased its distribution on its claim resulted in the deprivation of funds held by the Trustee to other creditors, as named above. Since the United States Trustee failed to timely file a written objection or seek enlargement of the time to file an objection, the Court hereby rejects the resolution of the unwritten objection of the United States Trustee and that the quarterly fees shall be treated as a Chapter 11 administrative expense as originally provided for in the Trustee's Final Report.

■ In the alternative, even if the United States Trustee had timely filed a written objection to the treatment of its quarterly fees, the Court would find that such fees should be treated as a Chapter 11 administrative expense rather than a Chapter 7 administrative expense. "A fundamental policy of the Bankruptcy Code is equality of distribution, and Section 726(b) is a 'congressional expression of this policy.'" *In re Swann*, 149 B.R. 137, 145 (Bankr.S.D.1993), *quoting, Matter of Great Northern Forest Products, Inc.*, 135 B.R. 46, 66 (Bankr.W.D.Mich.1991). The United States Trustee has frequently advanced this argument in cases, asserting the general rule is that "[a]mong administrative claimants of the same priority in an administratively insolvent estate, those claimants will be paid their approved fees and expenses pro rata." *In re Graphic Arts, Inc.*, 146 B.R. 38, 40 (Bankr.D.Wyo.1992), *quoting, In re Specialty Plywood, Inc.*, 137 B.R. 960, 962 (Bankr.C.D.Cal.1992). In applying this theory to the United States Trustee's motion to reconsider, the response of Robert T. Goldenberg, a Chapter 11 administrative expense creditor in the above-styled case, provides insight and states in part:

> [Y]ou immediately think of the cost of the Court going to Parkersburg [from Charleston], the paperwork and the administrative detail that must be attended to before the hearing, during and after hearing, not to mention my time, all of which will far exceed the amount [$300] that we are going to be discussing. One can well imagine the time spent by the U.S. Attorney in order to research and prepare the Motion for Reconsideration of the Agreed

Order and the request for a continuance....

What has the U.S. Attorney done to earn [the quarterly] fee? ... The purpose of the Bankruptcy Act is to administer the assets for the benefit of creditors and give the bankrupt a fresh start. It certainly does not have as its purpose to spend 93% of the assets on administrative costs. Congress intended for the U.S. Attorney to earn his quarterly fee by doing something to benefit the bankrupt estate. That has not been done in this case....

The imposition of an alleged technical right by the U.S. Attorney may very well result in a practical wrong to the taxpayers, or creditors. George Washington, Thomas Jefferson, Alexander Hamilton, Benjamin Franklin, John Marshall and all of those other fellows expected us as lawyers to follow the law but not to the point of being _____ (insert your own adjective as applied to the U.S. Attorney's request for a "quarterly fee"). Further, the Court is persuaded by opinions from other bankruptcy courts which have

concluded, that in a case converted from a Chapter 11 to a Chapter 7, the United States Trustee's quarterly fees should be treated as a Chapter 11 administrative expense as such was accrued during the pendency of the Chapter 11 proceeding. First, in *Reitmeyer v. Wetmore (In re Wetmore)*, 117 B.R. 201 (Bankr.W.D.Pa.1990), the issue raised by the Court, *sua sponte*, was whether the United States Trustee's quarterly fees and the clerk's Chapter 11 costs maintain priority in a case converted to Chapter 7 from Chapter 11 under 11 U.S.C. § 507(a)(1).

Section 507(a)(1) states "the following expenses and claims have priority in the following order: (1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28." The *Wetmore* court concluded that § 507(a)(1) did not bifurcate the administrative claims into two categories "(i.e., one category for § 503(b) administrative expense, and a separate category for chapter 123 title 28 administrative expenses)." *Id.* at 201. The court went on to find, that by operation of 11 U.S.C. § 726(b), expenses incurred in a Chapter 11 are subordinated when the case converts to a Chapter 7.

In a later case, *In re Endy*, 166 B.R. 438 (Bankr.D.Nev.1994), the Court, relying in part on the *Wetmore* decision, concluded that the intent of Congress was to encourage participation in the liquidation of Chapter 7 cases by giving such creditors administrative expense priority, which in turn maximizes the return to all creditors in the case, including Chapter 11 administrative expense creditors. In this case, the efforts of the United States Trustee in a Chapter 11 case where performance of the debtor-in-possession is monitored in the filing of operating reports, disclosure statements and plans of reorganizations, the quarterly fee is obviously earned. However, when the case converted to a Chapter 7, the United States Trustee's duties were curtailed through appointment of a Chapter 7 Trustee and the Debtor's reporting requirements as stated above ceased. Wherefore, to give expense priority to a creditor who has not earned fees in the liquidation of the estate, defeats the intent of Congress and as Mr. Goldenberg points out is to the detriment of all creditors in a case.

Accordingly, the United States Trustee's motion to reconsider is DENIED for the reasons set forth above.